Bobbie Gene **TURNER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 927–82.

Court of Criminal Appeals of Texas, En Banc.

Jan. 11, 1984.

---

Zinetta A. Burney, Houston, for appellant.

Travis B. Bryan, III, Dist. Atty. and James M. Kuboviak, Asst. Dist. Atty., Bryan, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

This is an appeal from a conviction of tampering with a witness. Art. 36.05, V.A.C.C.P. The First Court of Appeals, 646 S.W.2d 485, in Houston, holding that the state had failed to comply with the requirements of the Speedy Trial Act, Art. 32A.02, V.A.C.C.P., reversed the conviction and ordered the cause dismissed. We granted the State's Petition for Discretionary Review on January 5, 1983, to determine whether or not the Court of Appeals erred in its decision. We find that it did and reverse.

Upon careful review of the record we find that the appellant failed to adequately raise his right to a speedy trial as afforded by Art. 32A.02, V.A.C.C.P.[1] Although a written motion was filed asserting appellant's right to a speedy trial, the provisions of 32A.02 were never invoked.[2] The statute clearly requires that the motion for discharge be made "under the provisions of this Article" to avoid a waiver of the statutory rights.[3] Having failed to expressly invoke Art. 32A.02, supra, the appellant has waived his statutory right to a speedy trial. Because the Court of Appeals erroneously reversed the conviction on the basis of a violation of Art. 32A.02, we reverse the judgment and remand the case to the Court of Appeals for action not inconsistent with this opinion.[4]

---

1. Art. 32A.02, Sec. 3, reads in part:
   "The failure of a defendant to move for discharge under the provisions of this article prior to trial or the entry of a plea of guilty *constitutes a waiver of the rights accorded by this article.*" (Emphasis added.)

2. The motion to set aside the indictment reads:
   "Comes now, Bobbie Gene Turner, Defendant in the above entitled and numbered cause by and through his attorney of record, A. Burney, and moves *this Court to set aside the* indictment in the above entitled and numbered cause for the reason that the Defendant has been deprived of his right to a speedy trial under the Sixth and Fourteenth Amendments to the United States Constitution."

CLINTON, Judge, dissenting.

In a published opinion a court of appeals has decided an important point of law that has been begging resolution. Yet the majority would reverse the judgment of the court below on its determination that in the trial court appellant did not "adequately raise" the issue. *Ergo,* the court of appeals "erroneously reversed" the judgment of conviction. Because that kind of "review" should no longer be a proper function of this Court in its new constitutional role, I must protest what is done today. Even so, the majority comes to the wrong conclusion.

At a pretrial hearing appellant presented *inter alia* his Motion to Set Aside Indictment for Failure to Grant Speedy Trial. The judge concluded:

"I read the rule and I think *as long as it's out of the same transaction,* it's alright. So for the record, the Court will deny your Motion for Speedy Trial [sic]." [1]

Alert to protecting his position, the assistant district attorney immediately stated:

"And, also, for the record, Your Honor, with Ms. Burney and the Defendant present, ... its undisputed this case was reindicted on the other case, arising out of this transaction, ___"

After the interruption he added "retaliation." Appellant's attorney, Ms. Burney, had asked leave to "go on the record to get this clear" and the judge responded, "Sure." There then followed a lengthy dialogue that developed the chronology of events in the

Thus, presumably, appellant's contention concerning the alleged deprivation of his right to a speedy trial under the United States Constitution is ripe for consideration by the Court of Appeals.

3. We further note that Art. 32A.02, supra, is not cited in the appellant's brief on appeal in support of his speedy trial contention.

4. We note that apparently, because of its reversal, the Court of Appeals did not address appellant's second ground of error on direct appeal from the trial court, which it shall now do.

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

criminal action from arrest of appellant through occasions when the State announced ready to reindictment, concluding with a stipulation that the latter added allegation of tampering "arose from the same transaction"—to all of which the court indicated its approval for the record.[2]

While it is certainly true that the motion did not invoke Article 32A.02, V.A.C.C.P. (the Act) and that during the course of the pretrial hearing no one mentioned the Act, it is just as true that there is a docket sheet entry of that date which reads: "Motion to Dismiss—Speedy Trial Act Denied." Obviously, the court and the parties knew what they were about.

It is also true that the Act is not cited by appellant in his brief to the court of appeals, but he did cite and discuss several decisions of this Court construing requirements of the Act. In response, the State supported denial of his motion "because both counts of the indictment ... arose out of the same transaction," and added the supportive discussion of decisions under the Act that I have set forth in the margin.[3]

Presumably the cause was submitted to the court of appeals on oral argument, and the issue further illuminated, for in the second paragraph of its opinion that court wrote:

"The controlling question in this appeal is whether, *under the Speedy Trial Act,* an announcement of ready on one offense arising out of a transaction constitutes an announcement of ready on an unindicted offense arising out of the same transaction."

I am not prepared to agree that judges of the court of appeals listened to oral argument, read the briefs, examined the record, researched the law and then wrote an opinion to decide a "controlling question" that had not been properly presented to that court. Accordingly, we ought to address the merits of the issue decided by the court below, and to that I now turn.[4]

True the Act treats *offenses* arising out of the same transaction together, but it does not treat *announcements* of ready together.[5] To support an assertion that an-

---

**2.** Most of the colloquy is set out verbatim in the brief filed by the State in the court of appeals to demonstrate what it says is the case: "Accordingly, the Court denied Appellant's Motion because both counts of the indictment under Cause No. 13,236 arose out of the same transaction." State's Brief, p. 6.

**3.** "Further, the Texas Court of Criminal Appeals has held in several instances that when the State indicates its readiness for trial within 120 days of the commencement of a felony criminal action, the burden shifts to Appellant to refute the State's claim of readiness. See *Pate v. State,* 592 S.W.2d 620 (Tex.Cr.App., 1980), and *Fraire v. State,* 588 S.W.2d 789 (Tex. Cr.App., 1979). In the instant case, the record shows that the State made a *prima facre* [sic] showing of readiness through the filing of its written announcement of ready as well as oral testimony from the prosecutor indicating he had talked to various witnesses. Hence, it was incumbent on Appellant to rebut the State's claim of readiness, which Appellant failed to do. These facts distinguish the case at hand from *Pate v. State, Supra.* The Court in the case of *Fraire v. State,* Supra, went further to state that where there is no challenge to the announcement to show otherwise by the accused, the Texas Court of Criminal Appeals will presume that the State was ready. As is the case at hand, where the prosecuting attor-

ney stated that he was ready to try the case then and had been ready to try the case since the filing of the complaint and information and no evidence was elicited to rebut the statement of readiness and it remained unchallenged, the complaint and information should be dismissed. See *Barfield v. State,* 586 S.W.2d 538 (Tex.Cr.App., 1979).

**4.** The State's Petition for Discretionary Review is filed by the State Prosecuting Attorney, who urged that it be granted "in order that this Court might resolve an unsettled question of State law." He did not suggest, nor has any party or person suggested until just now, that the issue was not properly before this Court for resolution. The majority acts *sua sponte.*

**5.** Discretionary review was granted because the court of appeals held that an announcement of ready on one offense does not constitute an announcement of ready on a later indicted offense arising out of the same transaction and this holding conflicts with *Denson v. State* (Tex. Cr.App., No. 63,428, delivered July 7, 1982). Rehearing has been granted in *Denson.*

*Denson* pretermits analysis and radically misapplies the Speedy Trial Act. In *Denson,* appellant and another person robbed Jimmy and Sherman Ray Priest and, in the same transaction, some three months later, he was indict-

nouncements of ready carry over to another offense arising out of the same transaction, some have cited provisions that concern announcements of ready only insofar as *when* the State must be ready for trial. Article 32A.02, § 2(a) outlines when we mark the commencement of a criminal action for the purpose of computing time limits. Article 37A.02, § 2(c) concerns the situation where an indictment is dismissed on the motion of the defendant. Article 28.061 concerns procedures to follow after a defendant receives a speedy trial discharge and he faces other indictments arising out of the same transaction. No provision in the Act mentions carrying over announcements of ready from an indictment superceded on the State's motion by an indictment alleging a different offense.

In the instant case appellant was arrested November 20, 1980, on a charge of retaliation. V.T.C.A. Penal Code, § 36.06(a). The February 12, 1981 indictment alleges the primary offense of retaliation in terms of threatening to kill a named complainant "in retaliation for and on account of [her] service ... as an informant." The second indictment, returned April 16, 1981 did not alter allegations of that offense, but corrected allegations in enhancement paragraphs. The third indictment of May 14, 1981 *added* a count alleging the offense of tampering with a witness under *id.,* § 36.-05(a)(1), (2) and (4), *viz:*

"... that on or about the 18th day of November 1980 ... [appellant] did then and there unlawfully, intentionally and

knowingly with intent to influence the witness coerced a prospective witness ... in an official proceeding to testify falsely and withhold testimony and information and to absent herself from an official proceeding to which she had been legally summoned ..."

Without any doubt, though arising out of the same transaction, the alleged offense of retaliation and the alleged offense of tampering with a witness are not the same—call it "offense," "case," "single case" or whatever. See *Rosebury v. State,* 659 S.W.2d 655 (Tex.Cr.App.1983) and *Richardson v. State,* 629 S.W.2d 164 (Tex.App.—Dallas 1982, pet. ref'd.). Nevertheless, the State would have us hold that offenses arising out the same transaction are to be treated together for the purposes of the Act so that an announcement of ready for trial by the State with respect to one offense will apply to another.

While the Act takes into account and arguably at least "treats together all offenses committed during the same transaction," it does not follow that an announcement of ready as to one offense also constitutes an indication of readiness for all other offenses from the same transaction. Indeed, in *Richardson v. State,* supra, the court of appeals held otherwise with respect to a November 28, 1979 indictment for an offense arising out of the same transaction for which accused had been arrested July 3, 1978.[6] See *Rosebury v. State,* supra.

---

ed for aggravated robbery. Appellant moved to dismiss on speedy trial grounds because more than 120 days had elapsed between his arrest and the State's announcement of ready. *Denson* held that the State's announcement of ready on the murder indictment together with the continuances granted not on the aggravated robbery case, but on the murder case, will *operate to sustain the trial court's denial of the* motion to dismiss.

There is no other authority to the effect that a defendant's motions for continuances on an indictment for one offense will carry over to a later indictment for another offense. Furthermore, the *Denson* holding completely overlooks *Barfield v. State,* 586 S.W.2d 538 (Tex.Cr.App. 1979), which is regarded by the majority of this Court as a landmark case in the speedy trial area.

**6.** The Dallas Court of Appeals rejected an argument by the State that "the instant case is 'reindictment' of [a July 26, 1978 indictment] for the offense of theft (3rd degree) arising out of the same transaction as the instant case of burglary of a vehicle," and, therefore, announcements of ready in the earlier theft matter "should be carried forward to the instant case because it is a 'reindictment.'" Because "they are different offenses subject to different proof," the court found they "are not the 'same case' even though they are from the same transaction" and, consequently, announcements of ready in one case "will not apply to the other," *Richardson v. State,* supra, at 165.

With deference, using that kind of terminology risks misunderstanding, for as demonstrated *ante,* the central process identified in the Act is

However, the true reasons why an announcement of ready to try an accused on one charging instrument is not treated as an announcement to try the same accused on another offense from the same transaction are found in prominent features of the Act. First and foremost, it must be remembered that the legislative imperative is that the State be *"ready for trial."* It is this Court that allows an announcement of ready to constitute *prima facie* showing of readiness which may be rebutted by evidence demonstrating that "the state was not ready for trial during the Act's time limits," *Barfield v. State,* supra, at 542.

How the Act takes into account all offenses arising out of the same transaction is in its concept of when a criminal action commences. Article 32A.02, § 2. Putting aside for the moment special situations such as retrials, *id.,* § 2(b) and dismissals, § 2(c), usually initiated by an accused, § 2(a) provides that a criminal action commences when an indictment, information or complaint is "filed in court" *unless* the accused has been held to answer for the same offense or any other offense "arising out of the same transaction," and in that case the criminal action commenced when he was first arrested. Thus, when an accused is arrested before an indictment, information or complaint is "filed in court,"[7] with certain exceptional situations aside, a criminal action commences for every offense arising out of the same transaction for which he was arrested. Article 32A.02, § 2. The time within the State must be ready for trial depends upon what accusation is made against accused. Article 32A.02, § 1. Therefore, a legislative objective is to cause the State promptly to sort out its offenses, obtain one or more charging instruments

and get ready for trial within that period of time prescribed from commencement of the criminal action. The legislative mandate under the Act is that within the time prescribed the State must be ready for trial in a criminal action on every charging instrument alleging an offense it has caused to be filed in court. The prescribed period of time for complying with that mandate may not be elongated by stringing out successively one charging instrument after another beyond the particular limitation imposed, except when extended by showing some justification recognized by one or more excludable periods provided by the Legislature under *id.,* § 4. Cohen, *Senate Bill 1043 and the Right to a Speedy Trial in Texas,* Vol. 7, No. 1 American Journal of Criminal Law (March 1979) 23, at 35–36.

The only allusion to the State's announcing ready for trial one quickly finds in the code of criminal procedure is in connection with a case being called for trial by jury. Article 35.01, V.A.C.C.P. Still, general custom and practice is that as the trial docket is sounded an announcement of ready or not is to be made in each case, and also later when again a particular case is called for trial by court or jury. See 23 Tex.Jur.3rd 126–127, § 2529–2531. And an announcement of ready at the latter time is not only meaningful but also binding throughout the trial that follows except for such an unforeseen extraordinary development that a fair trial cannot be had. Article 29.13, V.A.C.C.P. However, there is no suggestion in the code or our Act that an announcement of ready for trial on an instant indictment in response to call of the court attaches as well to another charging instrument alleging any other offense arising out of the same transaction.

"a criminal action;" by choosing to treat an arrest as commencement of "a criminal action" and by fashioning it to embrace "the same offense or any other offense arising out of the same transaction," the Legislature dictated that the State be ready for trial within the prescribed period of time or suffer dismissal of the charging instrument, and it meant such a dismissal to "bar any other prosecution for the offense discharged or for any other offense arising out of the same transaction," Article

28.061, V.A.C.C.P.—whether the State is ready or not. In that context the notion of "case" is alien to the Act.

7. The clause "when an indictment, information, or complaint against the defendant is filed in *court*" contemplates a charging instrument upon which an accused may be tried in the court in which it is filed, rather than one upon which a warrant of arrest may be issued by a *magistrate.*

**362**

From that excludable period allowed the State by § 4(7)—when it dismisses a charging instrument and later files another alleging an offense arising out of the same transaction—this Court has found:

> "[I]t implies a continuing relationship between the time periods covered by the previous indictment and the subsequent one. This exclusion is designed to prevent abuse by the State, and it should be construed to provide that the defendant is entitled to add [to the time on the subsequent charge] the time which expired while the previous charge was pending."

*Durrough v. State,* 620 S.W.2d 134, 139 (Tex.Cr.App.1981).

Patently, to say that an announcement of ready on one charging instrument is an indication of readiness on all other offenses arising out of the same transaction would permit the very abuse by the State that the Act was designed to prevent. It is of no moment that witnesses, facts and evidence may be common to each offense—indeed, according to the evidence, the elements of tampering with a witness and retaliation, respectively shown in this cause, are not the same.[8] The Act contemplates just such happenstances by bundling together all offenses arising out of the same transaction, and requiring the State to be *ready for trial* within that time specified for each offense reduced to a charging instrument, here commencing with arrest of an accused. See *Kalish v. State,* 662 S.W.2d 595 (Tex.Cr. App.1983).

Therefore, the judgment of the court of appeals is correct and should be affirmed. Instead a majority of the Court reverses because from its examination of the record it believes that the court below decided a question not properly presented. The occasion for making the determination now made by the majority, if we are to make it, was when the petition for discretionary review was considered. To such a waste of time, resources, and effort of the criminal justice system I must dissent.

ODOM and MILLER, JJ., join.

---

**8.** Applicable elements under V.T.C.A. Penal Code, § 36.05 are:
  (a) a person
  (b) with intent to influence a witness
  (c) coerces a prospective witness
  (d) in an official proceeding
  (e) to testify falsely,
  (f) to withhold testimony and information and
  (g) to absent herself from the proceeding.
Applicable elements under *id.,* § 36.06 are:
  (a) a person
  (b) intentionally or knowingly
  (c) threatens to harm by killing
  (d) another
  (e) in retaliation for or on account of
  (f) her service as an informant.