Juan MARTINEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 6–86–012–CR.

Court of Appeals of Texas,
Texarkana.

Aug. 12, 1986.

David M. Garcia, San Antonio, for appellant.

Edward F. Shaughnessy, III, Crim. Dist. Atty., San Antonio, for appellee.

BLEIL, Justice.

Juan Martinez appeals his conviction for attempted murder upon a guilty plea. He complains that the trial court improperly denied his motion to dismiss his case because the State failed to give him a speedy trial. Although it appears that he was denied his right to a speedy trial under Tex.Code Crim.Proc.Ann. art. 32A.02 (Vernon Supp.1986), the trial court denied his motion to dismiss. Nevertheless, we are required to affirm the trial court's judgment because in asking that the charges be dismissed for a lack of a speedy trial, Martinez failed to specifically mention Article 32A.02. Curious? Perhaps. However, our decision is mandated by the holding of the Court of Criminal Appeals in *Turner v. State*, 662 S.W.2d 357 (Tex.Crim.App.1984).

Article 32A.02 requires that the State be ready for trial within 120 days of Martinez's felony arrest. Martinez moved to dismiss because he was denied a speedy trial under the United States Constitution and the Texas Constitution and under Tex. Code Crim.Proc.Ann. arts. 1.03, 1.04, and 1.05 (Vernon 1977).

In reviewing the facts it is helpful to look at the dates of significant events:

| Event | Date |
| --- | --- |
| Arrested for attempted murder | Dec. 22, 1980 |
| Indicted | Apr. 15, 1981 |
| State filed announcement of ready | May 1, 1981 |
| Motion to dismiss for lack of speedy trial filed | May 27, 1981 |

Wayne Hampton, a former Assistant Criminal District Attorney, testified that he was aware that the State had not filed an announcement of ready until the 132nd day, and that the State attempted to dismiss the case in January of 1982. However, the trial court declined to dismiss the case, apparently because the motion was not signed properly.

The State, not even asserting its compliance with Article 32A.02, urges that because the defendant did not specifically mention that article in his motion to dismiss, he waived his rights pursuant thereto, citing *Turner v. State*, supra. In that decision the Court of Criminal Appeals held, under analogous circumstances, that a written motion to dismiss for lack of speedy trial which did not invoke the provisions of Article 32A.02 [1] waived the defend-

---

1. The motion to dismiss states:

Comes now, JUAN MARTINEZ, Defendant in the above styled and numbered cause, by

ant's statutory rights to a speedy trial.[2] It wrote that Tex.Code Crim.Proc.Ann. art. 32A.02, § 3 (Vernon Supp.1986) requires that a speedy trial motion must expressly refer to Article 32A.02 in order to avoid waiver.

Were we writing on a clean slate, we would be inclined to hold that Martinez did not waive his rights under the Speedy Trial Act merely by failing to mention the Act in his motion to dismiss. It appears that the *Turner* decision is an anomaly in this time when substantive law is ordinarily elevated above form or procedural technicalities.

The State also urges that the Speedy Trial Act is unconstitutional on the basis of a defective caption. The Courts of Appeals have divided on this issue. *Stewart v. State*, 699 S.W.2d 695 (Tex.App.–Waco 1985, no pet.) held that the Act was unconstitutional, as did *Creel v. State*, 710 S.W.2d 120 (Tex.App.–San Antonio 1986, no pet.). Conversely, the constitutionality of the Act was upheld in *Wright v. State*, 696 S.W.2d 288 (Tex.App.–Fort Worth 1985, no pet.) and *Beddoe v. State*, 681 S.W.2d 114 (Tex.App.–Houston [14th Dist.] 1984, pet. granted). We decline to pass on this point, since another ground is dispositive of the appeal.

We affirm the trial court's judgment.

and through his attorney, and moves the Court to dismiss this case for failure to afford the Defendant a speedy trial herein and as grounds therefore (sic) would show the Court as follows:

I.
That the indictment in this cause was returned by the Bexar County Grand Jury on the 15th day of April, 1981, wherein it is alleged that the Defendant committed the offense of attempted murder on or about the 22nd day of December, 1980.

II.
That the Defendant was arrested on the 22nd day of December, 1980.

III.
That this case has been pending on the docket of this Court for five (5) months since the date of Defendant's arrest. That there are no satisfactory reasons for the delay in prosecution of the Defendant. The Defendant has never waived his right to a speedy trial.

IV.
That the failure of the State to afford the Defendant herein a speedy trial has violated the Defendant's constitutional rights under the Sixth Amendment of the United States Constitution, Article 1, Section 10 of the Constitution of the State of Texas and Articles 1.03, 1.04, and 1.05 C.C.P.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays that this Honorable Court will set this matter down for a hearing and after said hearing that this Court will order this case dismissed.

2. Tex.Code Crim.Proc.Ann. art. 32A.02, § 3 (Vernon Supp.1986) provides:

The failure of a defendant to move for discharge under the provisions of this article prior to trial or the entry of a plea of guilty constitutes a waiver of the rights accorded by this article.