Anthony Fred **DEMOUCHETE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–86–00063–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

July 2, 1987.

Steven Greenlee, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Linda A. West, Jaime Esparza, Harris County Asst. District Attorneys, Houston, for appellee.

Before HOYT, DUNN and WARREN, JJ.

## OPINION

WARREN, Justice.

After the jury found appellant guilty of aggravated robbery, the court found the enhancement allegations to be true and assessed punishment at 50 years confinement.

Appellant and a co-defendant were each indicted twice for their participation in the robbery of a fast food restaurant. The first two indictments under cause numbers 424,241 and 424,242, were returned on May 21, 1985. Each indictment alleged aggravated robbery and stated that the complainant was Stella Richardson. The second two indictments under cause numbers 433,-718 and 433,719 were returned on September 25, and also alleged aggravated robbery but stated that the complainant was Phyllis Green.

When trial began, the judge read the indictments under cause numbers 433,718 and 433,719 to the jury panel before voir dire. The State had agreed with appellant that it would proceed to trial on the first two indictments under cause numbers 424,-241 and 424,242, and accordingly read them to the jury just before testimony was to have begun. Subsequently, the court noted the discrepancy between the cause numbers of the indictments read before voir dire and the cause numbers of the indictments that were read after the jury was empaneled. The appellant and co-defendant then asserted their previously filed written motions for dismissal of the indictments under cause numbers 433,718 and 433,719 alleging that the Speedy Trial Act, Tex.Code Crim.P.Ann. art. 32A.02 (Vernon Supp.1987), had been violated. The court granted the motion and dismissed the second two indictments.

The appellant and co-defendant then moved for a mistrial on the grounds that the jury had been empaneled under cause numbers different from those on the indictments upon which the State was proceeding. The court granted the motion for mistrial, and denied appellant's motion to dismiss based upon double jeopardy. A second jury was selected, the case proceeded to trial, and appellant was convicted.

Appellant contends in his first point of error that the court erred in overruling his plea attempting to bar prosecution under the indictment in cause number 424,242. Specifically, he contends that the offense alleged in this indictment arises out of the same transaction as the offenses alleged in the indictments that were dismissed for violation of the Speedy Trial Act, and is barred by Tex.Code Crim.P.Ann. art. 28.061 (Vernon Supp.1987).

We note that appellee never orally or by written motion, asserted the bar contained in art. 28.061 in the trial court, nor did he contend that he was entitled to relief under the Texas Speedy Trial Act. Appellant has, therefore, waived his right to assert that his indictment and conviction under cause number 424,242 were barred by art. 28.061. Tex.Code Crim.P.Ann. art. 1.14(a) (Vernon Supp.1987); *Turner v. State*, 662 S.W.2d 357 (Tex.Crim.App.1984).

Appellant's first point of error is overruled.

Appellant contends, in his second and third points of error, that the court erred in overruling his plea in bar of prosecution because he was placed in double jeopardy in violation of the fifth amendment to the United States Constitution and Tex.Const. art. I, sec. 14. He asserts that his prosecution, after dismissal of the second pair of indictments, constituted double jeopardy, and that the State, through gross negligence and bad faith intent, forced him into obtaining a mistrial thereby placing him in double jeopardy.

The United States Supreme Court has addressed whether a defendant may raise the bar of double jeopardy after he has moved for and obtained a mistrial. The court stated a limited exception to the general rule that a defendant may not claim double jeopardy as a bar to a subsequent prosecution for the same offense:

> Prosecutorial conduct that might be viewed as harassment or overreaching, even if sufficient to justify a mistrial on defendant's motion, therefore, does not bar retrial absent *intent on the part of the prosecutor to subvert the protections as afforded by the Double Jeopardy Clause.* A defendant's motion for a mistrial constitutes "a deliberate election on his part to forgo his valued right to have his guilt or innocence determined before the first trier of fact...." Only where the governmental conduct in question *is intended to "goad" the defendant* into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion.

*Oregon v. Kennedy,* 456 U.S. 667, 676, 102 S.Ct. 2083, 2089, 72 L.Ed.2d 416 (1982) (emphasis added) (citations omitted).

■ We have examined the record and have found nothing that places appellant's case within this limited exception. The court presented the appellant with the opportunity to proceed to trial with the first jury selected; the appellant demanded and received a new jury. The court also characterized the situation as a "clerical problem or clerical entry" and as a "clerical error." There is no evidence of intent on the part of the prosecutor to subvert the protections afforded by the double jeopardy clause, nor is there any evidence that governmental conduct was intended to "goad" the defendant into moving for a mistrial. *Id.*

Texas cases interpreting Tex.Const. art. I, sec. 14 are consistent with *Oregon v. Kennedy,* 456 U.S. at 667, 102 S.Ct. at 2083. *See DeYoung v. State,* 160 Tex. Cr.R. 628, 274 S.W.2d 406, 408 (1954) (op. on reh'g); *Moore v. State,* 631 S.W.2d 245, 250 (Tex.App.—Amarillo 1982, no pet.). The court did not err in overruling appellant's plea in bar of prosecution, asserting the violation of the federal and state double jeopardy clauses.

Appellant's second and third points of error are overruled.

■ Appellant contends, in his fourth point of error, that the trial court erred by failing to ask appellant prior to sentencing whether he had anything to say as required by Tex.Code Crim.P.Ann. art. 42.07 (Vernon Supp.1987). Appellant neither objected to the omission of his opportunity for allocution nor contended in the court below that any of the statutory reasons listed in art. 42.07 that prevent pronouncement of sentence existed. Therefore, no error was preserved for review. *Tenon v. State,* 563 S.W.2d 622 (Tex.Crim.App.1978); *Miles v. State,* 688 S.W.2d 219 (Tex.App.—El Paso 1985, pet. ref'd); *Hernandez v. State,* 628 S.W.2d 145 (Tex.App.—Beaumont 1982, no pet.).

Appellant's fourth point of error is overruled.

The judgment is affirmed.

HOYT, J., concurs.

HOYT, Justice, concurring.

I disagree with the majority's analysis of point of error one because it gives the appearance that more than one offense occurred. On May 1, 1985, the appellant along with a co-defendant robbed a business establishment. The facts show that only the establishment was robbed, although separate indictments were returned

naming the two attendants as complainants.

The Court of Criminal Appeals has previously addressed the situation where a single violation resulted in separate indictments and complainants. *Ex parte Crosby*, 703 S.W.2d 683 (Tex.Crim.App.1986). In *Ex parte Crosby*, the defendant broke into the home of W.A. and Mary Thurston and after causing serious bodily injury to both, stole Mr. Thurston's wallet. The State indicted the defendant for aggravated robbery of Mr. Thurston and named him as the complainant in one case, while simultaneously naming Mrs. Thurston as the complainant in a second robbery case. Because both indictments charged violation of the same statutory provision, and because theft was an integral part of the charged offense, i.e., robbery of Mr. Thurston, only one conviction could stand. *Id.*

In the case at bar, the appellant was indicted twice for a single robbery of a business establishment. While prosecution to judgment on either may act as a bar to prosecution on the other, neither could be subject to the Speedy Trial Act. Once the appellant was successfully indicted, any subsequent indictment for the same offense may be subject to a motion to quash, but not the Speedy Trial Act. The second indictment's genesis, for speedy trial bar purposes, would be the same as that of the first indictment. *See Robinson v. State*, 707 S.W.2d 47, 49 (Tex.Crim.App.1986); *Ward v. State*, 659 S.W.2d 643, 646 (Tex.Crim.App.1983). Because the Speedy Trial Act did not apply to the first indictment, it would be inapplicable to the second.

I would simply hold that art. 28.061 of the act is inapplicable to the facts of this case, and whether the appellant made an art. 28.061 objection below is immaterial.

With this exception, I concur in the majority opinion.