George BLACK, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–92–00010–CR.

Court of Appeals of Texas,·
Houston (1st Dist.).

Dec. 10, 1992.

Richard L. Manske, El Campo, for appellant.

W.C. Kirkendall, Frank Follis, Seguin, for appellee.

Before OLIVER–PARROTT, C.J., and WILSON and O'CONNOR, JJ.

## OPINION

O'CONNOR, Justice.

The appellant, George Black, was convicted of six counts of delivery of a controlled substance and sentenced to 20–years confinement in the Institutional Division of the Texas Department of Criminal Justice.

## Fact summary

The appellant's case was called for trial on July 9, 1991. After the jury had been selected, but before they had been sworn, the appellant objected to the racial makeup of the jury pursuant to *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1981). In an in-camera hearing, the State explained its reasons for using peremptory challenges against black members of the jury panel. The State maintained the challenges were not racially motivated. The trial court initially agreed with the State and denied the appellant's request to dismiss the panel. The 12 jurors were then impaneled, sworn, and asked to return the next day for trial.

The next morning, before the trial began, the appellant re-urged his *Batson* motion and provided the trial judge with the applicable law. After further argument from the appellant and the State, the trial judge changed his ruling and declared the State's racially neutral explanations were unsatisfactory and released the jury panel.

Four months later, on November 12, 1991, the appellant's case was again called for trial, and a second jury was impaneled. The appellant made a motion to dismiss the case on grounds of double jeopardy, which the trial court overruled. The second jury convicted the appellant of six counts of delivery of a controlled substance and sentenced him to 20–years confinement.

## Double jeopardy

In his only point of error, the appellant argues the trial court erred in refusing to grant his special plea of double jeopardy in that no person shall be twice put in jeopardy for the same offense, and jeopardy attached when the first jury was sworn and impaneled. The double jeopardy clause of the fifth amendment to the United States Constitution is made binding upon the states through the due process clause of the fourteenth amendment. *Benton v. Maryland*, 395 U.S. 784, 794, 89 S.Ct. 2056, 2062, 23 L.Ed.2d 707 (1969).

■ In a jury trial, jeopardy attaches when the jury is impaneled and sworn to try the case. *Crist v. Bretz*, 437 U.S. 28, 35, 98 S.Ct. 2156, 2161, 57 L.Ed.2d 24 (1978); *Ex parte Preston*, 833 S.W.2d 515, 517 (Tex.Crim.App.1992). If the dismissal, waiver, or abandonment occurs after jeopardy attaches, the State is barred from later litigating those allegations. *Preston*, 833 S.W.2d at 517. Once jeopardy attaches, the defendant has a valuable right to be tried by the first trier of fact. *Crist*, 437 U.S. at 38, 98 S.Ct. at 2162; *Torres v. State*, 614 S.W.2d 436, 441 (Tex.Crim.App. 1981). After jeopardy attaches, any charge that is dismissed, waived, abandoned, or on which the jury returns an acquittal may not be retried. *Preston*, 833 S.W.2d at 517.

■ A defendant may be retried, however, if the case is dismissed at his request. *Torres*, 614 S.W.2d at 441. For example, a defendant cannot assert a double jeopardy plea if the trial court grants his request for a mistrial. *Demouchete v. State*, 734 S.W.2d 144, 146 (Tex.App.—Houston [1st Dist.] 1987, no pet.). A defendant's motion for mistrial constitutes a "deliberate election on his part to forgo his valued right to have his guilt or innocence determined before the first trier of fact...." *Oregon v. Kennedy*, 456 U.S. 667, 676, 102 S.Ct. 2083, 2089, 72 L.Ed.2d 416 (1982). There is a narrow exception to this rule. A defendant who requests a mistrial may assert a jeopardy objection to a later prosecution for the same crime if: (1) the prosecutor caused the mistrial, and (2) the court finds the prosecutor intended to subvert the defendant's double jeopardy protection. *Id.* The court looks to evidence that the prosecutor intended to goad the defendant into requesting a mistrial. *Id.*, 456 U.S. at 672–74, 102 S.Ct. at 2088.

■ The appellant does not claim the prosecutor was responsible for the re-urging of the *Batson* motion after the jury was impaneled or the prosecutor intended to subvert the appellant's double jeopardy rights. After the jury was impaneled and jeopardy had attached, the appellant asked the trial court to reconsider his *Batson* challenge. The trial court granted his request, reconsidered the *Batson* motion, and sustained it. The appellant had the oppor-

tunity to proceed to trial with the first jury; the appellant asked for a new jury, and the trial judge granted his request. *Demouchete*, 734 S.W.2d at 146. The appellant has no grounds to complain.

We overrule the point of error and affirm the conviction.