PD-0917&0918-15

PD-0917-15 & PD-0918-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/20/2015 10:18:23 AM
Accepted 7/22/2015 4:13:40 PM
ABEL ACOSTA
CLERK

NOS. _____ & _____

## IN THE COURT OF CRIMINAL APPEALS

---

KEITH DWAYNE JONES                    PETITIONER

VS.

THE STATE OF TEXAS                    RESPONDENT

---

On appeal from cause numbers 14-14-00733-CR & 14-14-00734-CR
In the Fourteenth Court of Appeals and cause numbers 1329499 &
1325864 in the 228th District Court of Harris County, Texas

---

## PETITION FOR DISCRETIONARY REVIEW

---

KEN GOODE
P.O.Box 590947
Houston, Texas 77259
(409) 779-3631
State Bar # 08143200
Goodedkc@msn.com

FILED IN
COURT OF CRIMINAL APPEALS

July 22, 2015

ABEL ACOSTA, CLERK

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner waives oral argument.

## IDENTIFICATION OF THE PARTIES

Keith Dwayne Jones
TDCJ-ID
Huntsville, Texas

Petitioner

Eric Davis
2028 Buffalo Terrace,
Houston, Texas

Trial Defense Attorney

Aaron Chapman & Paul Fortenberry
1201 Franklin
Houston, Texas

Trial Prosecutors

Hon. Marc Carter
1201 Franklin
Houston, Texas

Trial Judge

Ken Goode
P.O. Box 590947
Houston, Texas

Appellate Attorney

Devon Anderson
1201 Franklin
Houston, Texas

Appellate D.A.

**TO THE HONORABLE COURT OF CRIMINAL APPEALS:**

Comes Now Keith Dwayne Jones, petitioner, and files this petition for discretionary review and in support shows as follows:

## STATEMENT OF THE CASE

Petitioner was charged by two indictments with aggravated robbery. He pleaded guilty and the trial court assessed concurrent 25 year sentences.

## STATEMENT OF PROCEDURAL HISTORY

In an opinion dated July 16, 2015 the Fourteenth Court of Appeals affirmed the convictions and sentences.

No motion for rehearing was filed.

# TABLE OF CONTENTS

Statement of the Case................................................................ 1

Statement of Procedural History.............................................. 1

Ground for Review

WHETHER THE LOWER COURT ERRED BY HOLDING THAT THE RIGHT TO ALLOCUTION IS WAIVED BY A FAILURE OF THE DEFENDANT TO OBJECT OR DEMAND A RIGHT TO SPEAK PRIOR TO THE IMPOSITION OF SENTENCE.

Argument.................................................................................. 2

Prayer for Relief...................................................................... 3

Certificate of Service............................................................... 3

Certificate of Word Compliance.............................................. 4

# INDEX OF AUTHORITIES

## CASE

**Marin v. State,**
    851 S.W.2d 275 (Tex. Crim. App. 1993)............................................      2

## STATUTE

Tex. Code Crim. Pro. Ann. art. 42.07............................................................      2

## GROUND FOR REVIEW

WHETHER THE COURT OF APPEALS ERRED BY HOLDING THAT THE RIGHT TO ALLOCUTION IS WAIVED BY A FAILURE OF THE DEFENDANT TO OBJECT OR DEMAND A RIGHT TO SPEAK PRIOR TO THE IMPOSITION OF SENTENCE.

## ARGUMENT

### I.

On appeal petitioner argued that the trial court erred by not complying with article 42.07 of the Texas Code of Criminal Procedure, which requires the trial judge to ask a defendant whether he has anything to say as to why sentence should not be pronounced against him.

Citing cases which pre-date this court's decision in **Marin v. State,** 851 S.W.2d 275 (Tex. Crim. App. 1993), the lower court held that petitioner's right to allocution was waived because petitioner did not assert a timely objection.

### II.

Petitioner contends, as he did in the lower court, that his right to allocution is either an "absolute requirement" or at a minimum a "right which must be implemented unless expressly waived." **Id.** at 279-80.

2

Petitioner believes that his failure to speak up was not sufficient to render his right to allocution forfeited.

Review is warranted so that this court can examine the right to allocution in light of its holding in **Marin.**

## PRAYER FOR RELIEF

WHEREFORE, petitioner prays that his ground for review be granted.

Respectfully submitted,

/S/  Ken Goode
KEN GOODE
P.O.Box 590947
Houston, Texas  77259
(409) 779-3631; SBN 08143200
Goodedkc@msn.com

## CERTIFICATE OF WORD COUNT COMPLIANCE

Relying on the word count function in the word processing software used to produce this document I certify that the number of words used in this petition for discretionary review is 700.

/S/  Ken Goode
KEN GOODE

3

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was delivered to the State and the State Prosecuting Attorney this 17th day of July 2015 by first class mail.

/S/  Ken Goode

KEN GOODE

Affirmed and Memorandum Opinion filed July 16, 2015.



In The

# Fourteenth Court of Appeals

## NO. 14-14-00733-CR
## NO. 14-14-00734-CR

### KEITH DWAYNE JONES, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 228th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1329499 & 1325864**

## MEMORANDUM OPINION

In these combined appeals appellant Keith Dwayne Jones challenges the sentences imposed following his convictions on two counts of aggravated robbery. Concluding appellant failed to preserve his complaints for appellate review, we affirm the judgments in both cases.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Appellant was charged in two indictments with two separate instances of aggravated robbery. Appellant pleaded "guilty" to each indictment. The trial court imposed two sentences of 25 years' confinement and ordered the sentences to run concurrently.[1]

## II.    ANALYSIS

### A. Did appellant preserve for appellate review his complaints that the trial court imposed a sentence that violated his federal and state rights to freedom from cruel and unusual punishment?

In issues one and two, appellant asserts the trial court abused its discretion by imposing sentences that violate his federal and state constitutional rights to be free from cruel and unusual punishment. *See* U.S. Const. amend. VII; Tex. Const. art. I, § 13. Appellant argues that the 25-year sentences are grossly disproportionate to the offenses underlying the convictions. The State asserts that appellant has not preserved this complaint for appeal because he failed to raise these objections in the trial court.

The Eighth Amendment to the United States Constitution requires that a criminal sentence be proportionate to the crime for which a defendant has been convicted. *Solem v. Helm*, 463 U.S. 277, 290, 103 S.Ct. 3001, 3009, 77 L.Ed.2d 637 (1983). Article I, Section 13 of the Texas Constitution provides that "Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted." Tex. Const. art. I, § 13. Both of these constitutional rights to be free from cruel and unusual punishment may be waived. *See Nicolas v. State*, 56 S.W.3d 760, 768 (Tex. App.—Houston [14th Dist.] 2001,

---

[1] After appellant's counsel filed a brief on appellant's behalf, appellant filed a pro se brief raising two issues. We do not address these issues because appellant has no right to hybrid representation. *See Marshall v. State*, 210 S.W.3d 618, 620 n.1 (Tex. Crim. App. 2006).

2

pet. ref'd); *Jackson v. State*, 989 S.W.2d 842, 845 (Tex. App.—Texarkana 1999, no pet.). To preserve for appellate review a complaint that a sentence is grossly disproportionate or constitutes cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating specific grounds for the ruling desired. Tex. R. App. P. 33.1(a); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); *Nicolas*, 56 S.W.3d at 768. Failing to do so results in waiver of the complaint.

Appellant did not raise a timely objection to the sentences imposed in the trial court, nor did he raise the issue in a motion for new trial. Because appellant failed to object to the sentences in the trial court, appellant has not preserved error on his claim that the sentences violate his federal and state constitutional rights to be free from cruel and unusual punishment. *See Nicolas*, 56 S.W.3d at 768. Accordingly, appellant's first and second issues are overruled.

## B. Did appellant preserve for appellate review his complaint that the trial court violated his right to allocution?

In his third issue, appellant asserts that in each case the trial court violated his right to allocution under article 42.07 of the Texas Code of Criminal Procedure by failing to ask him whether he had anything to say as to why sentence should not be pronounced against him. Appellant contends that the trial court's failure to make the inquiry constitutes a denial of the right of allocution and that his sentences are void in light of the trial court's failure. Appellant further asserts that he did not need to preserve error in the trial court on this issue because (1) the punishment hearing concluded immediately after the trial court pronounced the sentences and appellant had no opportunity to speak up, and (2) the right of allocution is a fundamental right that either must be waived expressly or is not subject to waiver.

3

Article 42.07, entitled "Reasons to prevent sentence," provides:

Before pronouncing sentence, the defendant shall be asked whether he has anything to say why the sentence should not be pronounced against him. The only reasons which can be shown, on account of which sentence cannot be pronounced are:

That the defendant has received a pardon from the proper authority, on the presentation of which, legally authenticated, he shall be discharged.

That the defendant is incompetent to stand trial; and if evidence be shown to support a finding of incompetency to stand trial, no sentence shall be pronounced, and the court shall proceed under Chapter 46B; and

When a person who has been convicted escapes after conviction and before sentence and an individual supposed to the same has been arrested he may before sentence is pronounced, deny that he is the person convicted, and an issue be accordingly tried before a jury, or before the court if a jury is waived, as to his identity.

Tex. Code Crim. Proc. Ann. art. 42.07 (West, Westlaw through 2013 3d C.S.).

To preserve error for appeal, a party is required to make a timely request, objection or motion to the trial court and obtain an express or implied ruling. Tex. R. App. P. 33.1(a). This means that the appellant, as the complaining party, had the responsibility of conveying to the trial court the complaint that the trial court failed to ask whether he had anything to say about why his respective sentences should not be pronounced. *See Norton v. State*, 434 S.W.3d 767, 771 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *Demouchette v. State*, 734 S.W.2d 144, 146 (Tex. App.—Houston [1st Dist.] 1987, no pet.).

The record reflects that after appellant's counsel presented closing arguments to the trial court at the punishment hearing, counsel advised the court that appellant wanted to address the court. The trial court allowed appellant to do so. Appellant stated that he had given his life to Christ, earned his GED (high-

4

school equivalency diploma), and had not been in trouble since being incarcerated. Appellant explained that he was not the same person described in the charges and was not thinking straight at the time of the offenses. After appellant completed his remarks, the trial court asked appellant if he had anything else he wanted to say and counsel said appellant did not. After the State's closing argument, the trial court pronounced the sentences. Appellant's counsel thanked the trial court and asked if counsel could be excused. The trial court then excused counsel.

The trial court allowed appellant to address the court. In so doing, appellant did not identify any applicable statutory reason why the sentences could not be pronounced, nor has he pointed this court to evidence of such a reason. Moreover, at no time during the punishment hearing did appellant object to the trial court's failure to ask specifically whether appellant had anything to say as to why the sentences should not be pronounced against him. Appellant's failure to raise this complaint in the trial court waives his right to complain about it on appeal. *See McClintick v. State*, 508 S.W.2d 616, 618 (Tex. Crim. App. 1974).

Appellant, however, argues that preservation of error was not required because the right to allocution is a fundamental right that either cannot be waived or must be affirmatively waived. Appellant cites no authority for that proposition and our research has revealed none. To the contrary, Texas courts have held that the right to allocution is waived unless the defendant asserts a timely objection. *See McClintick*, 508 S.W.2d at 618; *Norton*, 434 S.W.3d at 771; *Demouchette*, 734 S.W.2d at 146.

Appellant also argues that he had no opportunity to object because the hearing ended immediately after the trial court pronounced the sentences. Even if the lack of opportunity were a valid excuse for failing to object in the trial court, the record demonstrates that after the hearing ended, appellant's counsel asked to

5

be excused. Appellant could have lodged an objection at that time but did not. Because appellant did not object to the trial court's failure to ask if appellant had a reason the sentences should not be pronounced, this complaint is not preserved for appellate review. *See McClinktick*, 508 S.W.2d at 618; *see also Norton*, 434 S.W.3d at 771; *Demouchette*, 734 S.W.2d at 146. Appellant's third issue is overruled.

### III. CONCLUSION

Appellant has not preserved error on the issues he raises on appeal. Having found all appellate issues waived, we affirm the judgment of the trial court.

/s/          Kem Thompson Frost
              Chief Justice

Panel consists of Chief Justice Frost and Justices Jamison and Busby.

Do Not Publish — TEX. R. APP. P. 47.2(b).