**Affirmed Subject to Modification of the Judgment and Opinion filed May 29, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00289-CR

---

### VICTORIA NORTON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 220th District Court**
**Hamilton County, Texas[1]**
**Trial Court Cause No. 07456**

---

## O P I N I O N

Appellant Victoria Norton challenges the trial court's order revoking her community supervision. Appellant also asserts that the trial court violated her

---

[1] The Supreme Court of Texas transferred this case from the Tenth Court of Appeals to the Fourteenth Court of Appeals. In such transferred cases, the transferee court must decide the case in accordance with the precedent of the transferor court under principles of stare decisis if the transferee court's decision would have been inconsistent with the precedent of the transferor court. Tex. R. App. P. 41.3.

common-law right of allocution and that the trial court's judgment does not include her thumbprint. We conclude that the trial court did not abuse its discretion in revoking appellant's community supervision. But, applying the precedent of the Tenth Court of Appeals, we sustain appellant's eighth issue in which she seeks a remedy for the lack of the requisite thumbprint on the judgment. Under this precedent, we order the trial court to modify the judgment to include appellant's thumbprint, and we affirm the trial court's judgment subject to modification of the judgment.

## I.    Factual and Procedural Background

Appellant was charged by indictment with the state jail felony offense of theft of property with an aggregate value of more than $1,500, but less than $20,000, to which she entered a plea of "guilty." The trial court deferred a finding of guilt, and, on October 10, 2007, the trial court placed appellant on five years' deferred-adjudication community supervision.

Two-and-a-half years later, on April 5, 2010, the State filed a "Motion to Proceed with an Adjudication of Guilt." In that motion, the State alleged appellant violated five conditions of community supervision. The trial court adjudicated appellant's guilt on July 14, 2010, sentenced her to two years' confinement in the State Jail Division of the Texas Department of Criminal Justice, suspended the sentence, and placed her on five years' community supervision.

After another two-and-a-half years, the State filed a motion to revoke appellant's community supervision, alleging appellant violated the terms and conditions of her community supervision in the following ways:

- failing to report to the community supervision officer of Hamilton County;
- failing to maintain and keep gainful employment in lawful occupation

2

since being released from a Substance Abuse Felony Punishment Facility (hereinafter a "Facility");

- failing to pay supervision fees, a fine, court-appointed attorney fees, restitution, and counseling and urinalysis fees as ordered;

- performing only 73 hours of community service when she had been ordered to perform 124 hours of community service as a condition of her community supervision; and

- failing to attend the counseling program for substance-related offenders.

The State amended its motion to revoke about a month later to correct a typographical error. The violations alleged above remained unchanged. At a hearing on the motion to revoke, appellant pleaded "true" to all five allegations. After her plea of "true," appellant testified that since the amended motion to revoke was filed, she paid $60 to the community supervision office and completed two-and-a-half hours of community service. Appellant explained that she had been unable to find employment due to debilitating depression and a recent hysterectomy.

After arguments of counsel, the trial court revoked appellant's community supervision and sentenced her to two years' confinement in the State Jail Division of the Texas Department of Criminal Justice.

## II.    ISSUES AND ANALYSIS

### A.    Did the trial court err in refusing to allow appellant to exercise her common-law right to allocution?

In her first issue appellant argues the trial court erred in refusing to permit her to exercise her common-law right of allocution. Though there is a statutory allocution right under Texas law, appellant bases her first issue on an alleged common-law allocution right rather than on the statutory right. *See* Tex. Crim. Proc. Code Ann. art. 42.07 (West 2014) ("Before pronouncing sentence, the

3

defendant shall be asked whether he has anything to say why the sentence should not be pronounced against him."). Allocution is a term that may have a variety of meanings.[2] Appellant asserts that Texas common law provides her with a right to allocution, under which the trial court must ask her, before sentencing, whether she would like to make a statement on her behalf and present information in mitigation of the sentence.

The State argues that appellant failed to preserve error regarding this complaint. Preservation of error in the trial court is required as to a complaint that the trial court erred in refusing to permit an appellant to exercise her common-law right of allocution. *See McClintick v. State*, 508 S.W.2d 616, 618 (Tex. Crim. App. 1974).

In arguing that she preserved error, appellant points to the following exchange at the conclusion of the revocation hearing:

> THE COURT: Ms. Norton, it's the opinion of the Court that to continue you on probation at this point would be an insult to everybody who tries to conform, tries to comply with the terms and conditions of probation.
> THE DEFENDANT: Can I talk to you?
> THE COURT: No, ma'am, it's my turn.

---

[2] The practice of allocution has a long history and has taken different forms over time and across various jurisdictions. *See Shelton v. State*, 744 A.2d 465, 491–97 (Del. 2000) (outlining history and origins of allocution and the different types of allocution allowed in state and federal courts). The term "allocution" could refer to any one or more of the following: (1) a trial court's asking a criminal defendant whether there is a legal reason that would prevent the court from pronouncing judgment against the defendant; (2) a trial court's asking a criminal defendant whether the defendant wishes to say anything in mitigation of the sentence to be imposed; (3) a trial court's asking a criminal defendant whether the defendant wishes to say anything regarding the offense before sentencing; (4) a trial court's asking a criminal defendant whether the defendant wishes to say anything before sentencing; or (5) the defendant's comments in response to any of the four foregoing questions. *See id.*

To preserve error for appeal, a party is required to make a timely request, objection, or motion to the trial court and obtain an express or implied ruling. Tex. R. App. P. 33.1. Texas Rule of Appellate Procedure 33.1 encompasses the concept of "party responsibility." *See Pena v. State*, 285 S.W.3d 459, 463 (Tex. Crim. App. 2009). This means that appellant, as the complaining party, had the responsibility of clearly conveying to the trial court the particular complaint that she now raises on appeal, including "the precise and proper application of the law as well as the underlying rationale." *Id*. at 463–64. The Court of Criminal Appeals, in *Pena v. State*, emphasized the rather exacting standard for preserving a complaint for appellate review. *See id*. To avoid forfeiting an appellate complaint, the complaining party must "'let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it.'" *Id*. at 464 (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992). In determining whether an appellant has preserved error, a reviewing court considers the context in which the objection was made and the parties' shared understanding at that time. *See id*. at 463–64.

Neither appellant nor her counsel clearly conveyed to the trial court either a request that appellant be allowed to exercise her alleged common-law right of allocution or an objection that the trial court was violating this alleged right. We conclude that appellant failed to preserve error in the trial court regarding her first issue.[3] *See McClintick v. State*, 508 S.W.2d 616, 618 (Tex. Crim. App. 1974) (holding that appellant failed to preserve error in the trial court regarding his appellate complaint that the trial court violated his common-law right of

---

[3] We need not and do not address whether criminal defendants in Texas have a common-law right of allocution that is broader than the right of allocution under article 42.07 of the Texas Code of Criminal Procedure.

allocution). Accordingly, we overrule appellant's first issue.

**B.     Did the trial court violate appellant's due process rights by improperly relying, in part, on "old" violations in deciding to revoke her community supervision?**

In her second issue, appellant argues the trial court improperly relied upon earlier violations in deciding to revoke her community supervision. Appellant asserts that the trial court violated her constitutional rights to due process and due course of law by relying upon the violations of community supervision that the trial court found at the time it adjudicated appellant's guilt, in 2010, as a basis for revoking her community supervision two-and-a-half years later, in 2013. Because appellant did not voice this complaint in the trial court, we conclude that appellant failed to preserve error.[4] *See Rogers v. State*, 640 S.W.2d 248, 263–65 (Tex. Crim. App. 1982) (op. on second motion for reh'g). Accordingly, we overrule appellant's second issue.

**C.     Did the trial court abuse its discretion in revoking appellant's community supervision based on her plea of "true" to not completing community service hours because the trial court had no legal authority to impose this condition at the time guilt was adjudicated?**

In her third issue, appellant argues that her community supervision was improperly revoked on the ground that she did not complete community service hours because the trial court had no legal authority to impose this condition upon her. At the time the trial court adjudicated appellant's guilt, it imposed the condition that appellant successfully complete 124 hours of community service within two years. At that time, the trial court also ordered appellant confined to a Facility for a period of between ninety days and twelve months. The record reflects

---

[4] In any event, the record reflects that the trial court revoked appellant's community supervision based on violations of community-supervision conditions that occurred after July 14, 2010, to which appellant pleaded "true."

appellant remained in a Facility for approximately six months.

Appellant argues that, based on article 42.12, section 16(a)(6) of the Code of Criminal Procedure, the trial court had no authority to impose community service work as a condition of community supervision because the trial court also ordered her to be confined at a Facility as a condition of community supervision. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 16(a)(3) (West 2014) ("The judge may not require that a defendant work at a community service project if the judge determines and notes on the order placing the defendant on community supervision that: . . . the defendant is to be confined in a substance abuse punishment facility as a condition of community supervision."). In its motion to revoke, the State asserted that appellant had performed only 73 of the 124 hours of community service ordered. Appellant pleaded "true." Nonetheless, appellant asserts that the trial court could not revoke her community supervision based upon her failure to perform a condition that the trial court had no authority to impose.

An award of community supervision is not a right, but a contractual privilege, and conditions thereof are terms of the contract entered into between the trial court and the defendant. *See Speth v. State*, 6 S.W.3d 530, 534 (Tex. Crim. App. 1999). Conditions to which no objection is asserted are affirmatively accepted as terms of the contract. *Id.* By entering into the contractual relationship without objection, a defendant affirmatively waives any rights upon which the terms of the contract might encroach. *Id.* A defendant who benefits from the contractual privilege of community supervision, the granting of which does not involve a systemic right or prohibition, must complain in the trial court regarding conditions she finds objectionable. *Id.* The record does not reflect that appellant objected in the trial court to the community-service condition of community supervision, and appellant does not assert on appeal that she objected to this

condition in the trial court. Because appellant failed to object to this condition in the trial court, she has affirmatively accepted it and she may not complain for the first time on appeal that the trial court had no authority to impose this condition. *See id*. at 534–35; *Ivey v. State,* 16 S.W.3d 75, 76 (Tex. App.—Houston [1st Dist.] 2000, no pet.).

In its motion to revoke the State alleged five grounds. Appellant pleaded "true" to all of them, including the ground that appellant failed to complete the required community service, and the trial court found all five true. An order revoking community supervision may be upheld based on the violation of a single condition of community supervision. *See Smith v. State*, 286 S.W.3d 333, 342 & n. 36 (Tex. Crim. App. 2009) ("We have long held that 'one sufficient ground for revocation would support the trial court's order revoking' community supervision.") (quoting *Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. 1978)). The trial court did not abuse its discretion in revoking appellant's community supervision based upon her plea of true to her alleged failure to comply with the community-service condition. Therefore, we need not address the other four alleged grounds for revocation. Accordingly, we overrule appellant's third issue, and we do not address her fourth, fifth, sixth, and seventh issues.

## D. Does the judgment comply with article 42.01 of the Code of Criminal Procedure?

In her eighth issue appellant complains that the judgment does not contain her right thumbprint. Article 42.01 of the Code of Criminal Procedure, entitled "Judgment," requires that the judgment contain, among other things, "[t]he defendant's thumbprint taken in accordance with Article 38.33 of this code. . . ." Tex. Code Crim. Proc. Ann. art. 42.01, § 1(23) (West 2014). Appellant's right thumbprint appears on the 2007 judgment ordering deferred-adjudication community supervision, the 2007 order of terms and conditions of community

supervision, the 2010 judgment adjudicating guilt, and the 2010 order imposing terms and conditions. But, it does not appear on the judgment revoking community supervision from which appellant appeals in the case under review. Appellant asks that the judgment be corrected to include her thumbprint. The State opposes this relief and asserts that the failure of the judgment to include appellant's thumbprint is harmless error.

The parties have not cited and research has not revealed any case on this issue from the Court of Criminal Appeals or from this court. In *In re K.M.C.*, the Tenth Court of Appeals addressed a juvenile's appeal from an adjudication order. *See* No. 10-07-00324-CV, 2008 WL 3114404, at *1–2 (Tex. App.—Waco Aug. 6, 2008, no pet.) (mem. op.). Under an applicable statute, the trial court was required to have the juvenile's thumbprint affixed or attached to the adjudication order. *See id*. at *1. The Tenth Court of Appeals held that the omission of the juvenile's thumbprint was a clerical error that should be remedied by a modified judgment. *See id*. To remedy this clerical error, the Tenth Court of Appeals ordered the trial court to modify the order to include the juvenile's thumbprint and "affirm[ed] the judgment subject to modification of the order." *Id*. at *2.

The Supreme Court of Texas transferred today's case from the Tenth Court of Appeals to this court. In cases transferred by the high court from one court of appeals to another, the court of appeals to which the case is transferred must decide the case in accordance with the precedent of the transferor court under principles of stare decisis if the transferee court's decision otherwise would have been inconsistent with the precedent of the transferor court. Tex. R. App. P. 41.3. Under Texas Rule of Appellate Procedure 41.3, we decide the eighth issue in accordance with the precedent of the Tenth Court of Appeals. *See id.*

We conclude that the Tenth Court of Appeals would apply *In re K.M.C.* to

9

this appeal. Applying this precedent of the transferor court, we further conclude the absence of appellant's thumbprint from the judgment is a clerical error not subject to a harm analysis. *See In re K.M.C.*, 2008 WL 3114404, at *1–2. Accordingly, we sustain appellant's eighth issue, order the trial court to modify the judgment to include appellant's thumbprint taken in accordance with article 38.33 of the Code of Criminal Procedure, and affirm the judgment subject to modification of the judgment.

/s/    Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Jamison and Wise.

Publish — TEX. R. APP. P. 47.2(b).