**Affirmed and Memorandum Opinion filed November 4, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00831-CR

---

**BARBI DENISE BROWN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 10th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 11CR1233**

---

## M E M O R A N D U M    O P I N I O N

Appellant Barbi Denise Brown pled guilty to the offense of felony driving while intoxicated. The trial court sentenced her to confinement for three years, probated. Subsequently, the State filed a motion to revoke appellant's community supervision. A hearing was conducted and appellant pled not true to all allegations. The trial court found eleven alleged violations true and sentenced appellant to confinement for two years. Appellant filed a timely notice of appeal. We affirm.

Appellant raises three issues in her appeal. First, she claims the trial court abused its discretion in revoking her community supervision for failure to pay court-ordered fees. Appellant argues there was no evidence that she could afford to pay but willfully refused to do so. Second, appellant asserts the trial court abused its discretion in revoking her community supervision for failure to attend Alcoholics Anonymous meetings. Appellant contends the evidence showed that she did attend and there were discrepancies in her files. In her third issue, appellant claims that revocation based on the remaining alleged violations "was inappropriate because it failed to consider [appellant's] unique circumstances." Because it is dispositive, we address this issue at the outset.

Appellant argues due process required the trial court to consider her explanations for these violations. The record does not reflect that appellant raised any objections on due-process grounds. Generally, to preserve error, a party must make a timely, specific objection apprising the trial court of the basis for the request, objection, or motion and receive an adverse ruling. *See* Tex. R. App. P. 33.1(a)(1). Complaints that the trial court violated constitutional rights to due process and due course of law must have been voiced in the trial court. *See Norton v. State*, 434 S.W.3d 767, 772 (Tex. App. — Houston [14th Dist.] 2014, no pet.) (citing *Rogers v. State*, 640 S.W.2d 248, 263–65 (Tex. Crim. App. 1982) (op. on second motion for reh'g). Accordingly, appellant's arguments on these grounds present nothing for our review and we overrule issue three.

Appellant's first and second issues do not challenge the trial court's findings that these remaining allegations were true. These unchallenged findings support the trial court's order revoking appellant's community supervision despite any merit to her challenges to the trial court's findings on the allegations for failure to pay or attend AA meetings. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App.

2

1980) ("We need not address appellant's other contentions since one sufficient ground for revocation will support the court's order to revoke probation."); *Hart v. State*, 264 S.W.3d 364, 367 (Tex. App.—Eastland 2008, pet. ref'd); *Greer v. State*, 999 S.W.2d 484, 486 (Tex. App.— Houston [14th Dist.] 1999, pet. ref'd). Because we do not reach appellant's other arguments, issues one and two are overruled.

Having overruled all of appellant's issues, the judgment of the trial court is affirmed.

/s/      Ken Wise
          Justice

Panel consists of Justices McCally, Brown, and Wise.

Do Not Publish — Tex. R. App. P. 47.2(b).