

NUMBER 13-14-00337-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

EDGAR GARCES DIAZ, Appellant,

v.

THE STATE OF TEXAS, Appellee.

## On appeal from the 206th District Court
## of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Perkes, and Longoria**
**Memorandum Opinion by Justice Longoria**

By two issues, appellant Edgar Garces Diaz appeals a judgment revoking his

shock probation[1] and reinstating his original sentence of ten years' imprisonment for the

---

[1] We use the terms "probation" and "community supervision" interchangeably in this opinion.

offense of robbery, a second-degree felony. *See* TEX. PENAL CODE ANN. § 29.02 (West, Westlaw through 2013 3d C.S.). We affirm.

## I. BACKGROUND

In October of 2009, the State charged appellant by indictment with aggravated robbery, a first-degree felony. *See id.* § 29.03 (West, Westlaw through 2013 3d C.S.). Appellant pleaded guilty to the lesser-included offense of robbery, a second-degree felony, in exchange for an agreed punishment recommendation. *See id.* § 29.02. Pursuant to the recommendation, the trial court sentenced appellant to ten years' imprisonment and later placed appellant on shock probation. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 6 (West, Westlaw through 2013 3d C.S.).

In September of 2013, the State filed an amended motion to revoke appellant's probation on the grounds that appellant allegedly: (1) committed the subsequent offense of murder; (2) failed to report to his probation officer on a monthly basis from April to September of 2013; (3) did not pay the Crime Stoppers' Fee; (4) did not pay the monthly Community Supervision Fee; (5) did not pay court costs; and (6) did not complete the required number of community service hours. Appellant pleaded "not true" to all of the allegations contained in the State's motion. The trial court found all but the allegation of murder to be true and entered an order revoking appellant's supervision and imposing the original sentence of ten years' imprisonment.

## II. HEARSAY

By his first issue, appellant argues that the trial court erred by overruling his hearsay objection. The State asked Edgar Espinoza, the probation officer supervising appellant, if he knew any reason why appellant had not reported to him in August and

September of 2013. Espinoza testified that he "believe[d]" that appellant had been arrested and was incarcerated during those months. Appellant objected on the basis of hearsay, and the trial judge overruled the objection.

We first address the State's assertion that appellant did not preserve error because his objection does not comport with his argument on appeal. Appellant argues in this Court that the judge's decision "denied appellant his constitutional right to confront witnesses for evidence being offered against him in trial." In other words, appellant asserts that the judge's ruling violated his constitutional right to confront the witnesses against him. *See* U.S. CONST. amend. VI; *Crawford v. Washington*, 541 U.S. 36, 51–52 (2004). However, appellant's trial counsel objected on the basis of hearsay, which is not sufficient to preserve a Confrontation Clause issue for appeal. *Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005) ("An objection on hearsay does not preserve error on Confrontation Clause grounds."); *Alcala v. State*, No. 13-12-00173-CR, ___ S.W.3d ____, 2013 WL 6053837, at *21 (Tex. App.—Corpus Christi Nov. 14, 2013, pet. ref'd) (same). We agree with the State that appellant did not preserve his Confrontation Clause issue for appeal. We accordingly overrule appellant's first issue.

### III. SUFFICIENCY OF THE EVIDENCE

By his second issue, appellant argues that the evidence is legally insufficient to support the trial court's judgment revoking his probation.

#### A. Standard of Review and Applicable Law

We review an order revoking probation for abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The State has the burden to prove a violation of a condition of community supervision by a preponderance of the evidence.

3

*Id.* at 763–64.  In this context, a "preponderance of the evidence" means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation."  *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013) (internal quotations marks omitted).  We will uphold an order revoking community supervision if one alleged violation is supported by sufficient evidence.  *Norton v. State*, 434 S.W.3d 767, 773 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (citing *Smith v. State*, 286 S.W.3d 333, 342 & n.36 (Tex. Crim. App. 2009)).

## B. Discussion

Appellant asserts that the State's witnesses had no "first-hand knowledge of appellant's alleged failure to report."  However, Edgar Espinoza testified that he became appellant's supervising probation officer in December of 2011 and remained in that capacity through the day of revocation hearing.  Espinoza testified that appellant did not report to him from April through September of 2013 and that he received no communications from appellant.  Appellant later testified that he resided in Mexico during part of that period.  Even assuming that appellant was incarcerated in Cameron County during August and September of 2013, appellant does not contest that he did not report to his supervising officer from April to July of 2013.

We hold that the greater weight of the credible evidence produced by the State could create a reasonable belief that appellant violated the conditions of his supervision by failing to report to his supervision officer for a period of at least four months.  *See Hacker*, 389 S.W.3d at 865.  Because even one violation of a condition of community supervision will support a revocation order, *see Norton*, 434 S.W.3d at 773, we will not

4

address the other grounds for revocation.  *See* TEX. R. APP. P. 47.1.  We accordingly overrule appellant's second issue.

## IV. CONCLUSION

We affirm the judgment of the trial court.


NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
19th day of February, 2015.