PD-0982-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/29/2015 1:57:54 PM
Accepted 7/30/2015 3:37:54 PM
ABEL ACOSTA
CLERK

NO. _____

# IN THE COURT OF CRIMINAL APPEALS

---

**VICTOR MANUEL AMADOR**  **PETITIONER**

**VS.**

**THE STATE OF TEXAS**  **RESPONDENT**

---

On appeal from cause number 14-14-00405-CR
in the Fourteenth Court of Appeals
& cause number 1390566 in the 176th
District Court of Harris County, Texas

---

## PETITION FOR DISCRETIONARY REVIEW

---

**KEN GOODE**
P.O.Box 590947
Houston, Texas 77259
(409) 779-3631
State Bar # 08143200
Goodedkc@msn.com

FILED IN
COURT OF CRIMINAL APPEALS

July 30, 2015

ABEL ACOSTA, CLERK

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner waives oral argument.

## IDENTIFICATION OF THE PARTIES

| Victor Manuel Amador<br>TDCJ-ID<br>Huntsville, Texas | Petitioner |
| Mark Thering<br>2028 Buffalo Terrace,<br>Houston, Texas | Trial Defense Attorney |
| Stephen Aslett<br>1201 Franklin<br>Houston, Texas | Trial Prosecutor |
| Hon. Stacey W. Bond<br>1201 Franklin<br>Houston, Texas | Trial Judge |
| Ken Goode<br>P.O. Box 590947<br>Houston, Texas | Appellate Attorney |
| Devon Anderson<br>1201 Franklin<br>Houston, Texas | Appellate D.A. |

## TABLE OF CONTENTS

Statement of the Case............................................................... 1

Statement of Procedural History........................................... 1

Ground for Review

       WHETHER THE COURT OF APPEALS ERRED BY HOLDING THAT
       THE STATUTORY RIGHT OF ALLOCUTION IS WAIVED IF NOT
       REQUESTED.

Argument............................................................................... 2

Prayer for Relief.................................................................... 3

Certificate of Service............................................................ 4

Certificate of Word Compliance........................................... 4

# INDEX OF AUTHORITIES

**CASE**

**Marin v. State,**
    851 S.W.2d 275 (Tex. Crim. App. 1993)............................................................ 2

**STATUTE**

Tex. Code Crim. Proc. Ann. art. 42.07............................................................. 2

**TO THE HONORABLE COURT OF CRIMINAL APPEALS:**

Comes Now Victor Manuel Amador, petitioner, and files this petition for discretionary review and in support shows as follows:

## STATEMENT OF THE CASE

Petitioner was charged by indictment with aggravated robbery. He waived his right to a jury trial and pleaded guilty. The trial court assessed punishment at 40 years.

## STATEMENT OF PROCEDURAL HISTORY

In an opinion dated July 28, 2015 the Fourteenth Court of Appeals affirmed the conviction and sentence.

No motion for rehearing was filed.

**GROUND FOR REVIEW**

WHETHER THE COURT OF APPEALS ERRED BY HOLDING THAT THE STATUTORY RIGHT OF ALLOCUTION IS WAIVED IF NOT REQUESTED.

**ARGUMENT**

**I.**

On appeal petitioner argued that the trial court erred by not complying with article 42.07 of the Texas Code of Criminal Procedure, which requires the trial judge to ask a defendant whether he has anything to say as to why sentence should not be pronounced against him.

Petitioner urged the lower court to consider his claim in light of **Marin v. State,** 851 S.W.2d 275 (Tex. Crim. App. 1993). The lower court, in a footnote, disparaged this Court's **Marin** decision.

**II.**

Petitioner contends, as he did in the lower court, that his right to allocution is either an "absolute requirement" or at a minimum a "right which must be implemented unless expressly waived." **Id**. at 279-80.

The trial judge pronounced sentenced and had petitioner removed from the courtroom. Defense counsel said, "Thank you, Your Honor."

2

The lower court held that defense counsel could have lodged an objection at that time.

Petitioner believes that defense counsel's failure to speak up was not sufficient to render his right to allocution forfeited.

Review is warranted so that this court can examine the right of allocution in light of its holding in **Marin.**

## PRAYER FOR RELIEF

WHEREFORE, petitioner prays that his ground for review be granted.

Respectfully submitted,

/S/_____
KEN GOODE
P.O.Box 590947
Houston, Texas 77259
(409) 779-3631; SBN 08143200
Goodedkc@msn.com

## CERTIFICATE OF WORD COUNT COMPLIANCE

Relying on the word count function in the word processing software used to produce this document I certify that the number of words used in this petition for discretionary review is 650.

/S/_____
KEN GOODE

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was delivered to the State and the State Prosecuting Attorney this 29th day of July 2015 by first class mail.

/S/_____
KEN GOODE

Affirmed and Memorandum Opinion filed July 28, 2015.



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00405-CR

---

### VICTOR MANUEL AMADOR, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

On Appeal from the 176th District Court
Harris County, Texas
Trial Court Cause No. 1390566

---

## MEMORANDUM OPINION

Appellant entered a guilty plea to aggravated robbery. The trial court sentenced appellant to confinement for forty years in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed a timely notice of appeal. We affirm.

In his first two issues, appellant argues the trial court erred by imposing a sentence grossly disproportionate to the offense resulting in cruel and/or unusual

punishment in violation of the United States Constitution and the Texas Constitution.[1] Appellant, however, failed to preserve his complaint for review.

Appellant cites *Meadoux v. State*, 325 S.W.3d 189 (Tex. Crim. App. 2010), for its review of the constitutionality of severe prison sentences despite such claims being made for the first time on appeal. In *Meadoux*, the preservation question was not raised by the State in the court of appeals; the court of appeals did not address the matter; and review was not granted by the Court of Criminal Appeals for consideration of that issue. *Id.* at 193 n.5. The court noted that "a court of appeals may not reverse a judgment of conviction without first addressing any issue of error preservation." *Id.* The Court of Criminal Appeals concluded that because it would ultimately affirm the judgment of the court of appeals, it was unnecessary to address the preservation issue or remand the case for consideration of that matter. *Id.* In its brief to this Court, however, the State argues that appellant failed to preserve error. Thus, *Meadoux* does not control our disposition of this case.

A defendant must object when his sentence is assessed or file a motion for new trial to preserve a complaint of cruel and unusual punishment. *See* Tex. R. App. P. 33.1(a); *Arriaga v. State*, 335 S.W.3d 331, 334 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd); *Noland v. State*, 264 S.W.3d 144, 151–52 (Tex.App.—Houston [1st Dist.] 2007, pet. ref'd). Appellant did not object when his punishment was announced or file a motion for new trial. Accordingly, nothing is presented for our review. Appellant's first and second issues are overruled.

---

[1] The United States Constitution prohibits cruel and unusual punishment, U.S. CONST. amend. VIII. The Texas Constitution prohibits cruel or unusual punishment. Tex. Const. art. 1, § 13.

In his third issue, appellant claims the trial court violated his right to allocution by failing to ask him whether he had anything to say as to why sentence should not be pronounced against him. *See* Tex. Code Crim. Proc. Ann. art. 42.07 (West 2014) ("Before pronouncing sentence, the defendant shall be asked whether he has anything to say why the sentence should not be pronounced against him.").

The State argues that appellant failed to preserve error regarding this complaint. Appellant concedes there is precedent that nothing is presented for review when an appellant fails to object to the trial court's failure to comply with Article 42.07. *See* Tex. R. App. P. 33.1(a); *Tenon v. State*, 563 S.W.2d 622, 623–24 (Tex. Crim. App. 1978) (holding nothing was preserved for review when appellant failed to object to trial court's failure to follow article 42.07); *McClintick v. State*, 508 S.W.2d 616, 618 (Tex. Crim. App. 1974); *Norton v. State*, 434 S.W.3d 767, 771 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *Hernandez v. State*, 628 S.W.2d 145, 147 (Tex.App.—Beaumont 1982, no pet.); *Demouchette v. State*, 734 S.W.2d 144, 146 (Tex.App.—Houston [1st Dist.] 1987, no pet.).

Appellant asserts, however, that there was no opportunity to speak because he was immediately remanded into custody. The record reflects that after the trial court stated appellant was remanded into custody, he said, "Thank you [defense counsel]. Defense counsel then stated, "Thank you, Your Honor." An objection could have been lodged at that time.

Appellant also argues that *McClintick* predates *Marin v. State,* 851 S.W.2d 275, 278–79 (Tex. Crim. App. 1993), which acknowledged the existence of certain legal rights that must be waived expressly, and he urges this Court to hold the right of allocution is such a right.[2] We have recently held that a defendant failed to

---

[2] *Marin* was subsequently overruled by *Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997), on grounds that the failure to give an admonishment is not immune from harmless

3

preserve error by making a timely objection that the trial court violated his common-law right of allocution. *See Norton*, 434 S.W.3d at 771. Appellant makes no argument that we should hold differently when the statutory right to allocution is invoked for the first time on appeal, and we decline to do so.

Under the cases just cited, preservation of error in the trial court is required as to a complaint that the trial court erred in refusing to permit an appellant to exercise his right of allocution. There was no objection to the trial court's failure to inquire of the appellant if he had anything to say why sentence should not be pronounced against him.[3] Accordingly, we hold that nothing is presented for our review and overrule appellant's third issue.

Having overruled all of appellant's issues, the judgment of the trial court is affirmed.


/s/     J. Brett Busby
         Justice



Panel consists of Justices Jamison, Busby, and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).

---

error analysis.

[3] Nor was the failure harmful, as appellant does not contend that any of the statutory reasons set out in Article 42.07 to prevent the pronouncement of sentence exist here.

4