**Affirmed as Modified and Memorandum Opinion filed October 9, 2018.**



In The

# Fourteenth Court of Appeals

## NO. 14-17-00638-CR

**ANA MARIA MEDINA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1533756**

## M E M O R A N D U M   O P I N I O N

The trial court convicted appellant, Ana Maria Medina, of the third-degree felony offense of injury to an elderly individual. *See* Tex. Penal Code Ann. § 22.04(a)(3) (Vernon Supp. 2018). In three issues, appellant challenges the conditions of her community supervision and the trial court's judgment. We affirm as modified.

BACKGROUND

Complainant, appellant's mother, arrived at appellant's apartment on December 10, 2016, to pick up appellant's ten-year old son. When complainant arrived, appellant was lying down in her son's bed. Complainant urged appellant to "get up" and "touch[ed] her insistently." Appellant got out of the bed, "began to yell," and told complainant to leave the apartment.

Complainant and appellant's son ran out of appellant's apartment and down the stairs to the first floor. Appellant ran after them. As complainant was running down the stairs, appellant hit her twice in the back. Complainant and appellant's son ran to the security guard patrolling the apartment complex and waited in his vehicle for police to arrive. Houston police officer Ricky Lopez arrived at the scene and arrested appellant. Appellant was charged with the third-degree felony offense of injury to an elderly individual.

Appellant waived her right to a jury trial and her case was tried before the court. The trial court found appellant guilty of the charged offense. The trial court sentenced appellant to ten years' confinement probated for eight years community supervision.

When delineating the conditions of appellant's community supervision, the trial court stated that, "[a]ccording to the CPS records in this case, [appellant] admitted to using methamphetamine." The trial court ordered appellant to participate in the Substance Abuse Felony Program ("SAFP") as a condition of her community supervision. Appellant responded and stated:

> I have never admitted [to] using any type of drugs in this or any other cases before. I have never used alcohol or any other drugs . . . .

The trial court did not address appellant's statement. Appellant's counsel did not object to the conditions of appellant's community supervision or the trial court's

reference to "the CPS records in this case."

The trial court signed a "Judgment of Conviction by Court — Waiver of Jury Trial" on July 25, 2017. Appellant timely appealed.

ANALYSIS

Appellant asserts three issues challenging the conditions of her community supervision and the trial court's July 25, 2017 judgment:

1. When the trial court assessed SAFP as a condition of appellant's community supervision, it referenced "CPS records" in which appellant allegedly admitted to using methamphetamine. These records were not admitted into evidence and the trial court erred by considering evidence outside of the record.

2. The trial court abused its discretion in assessing SAFP as a condition of appellant's community supervision because there is no evidence in the record of appellant's drug or alcohol use.

3. The trial court's July 25, 2017 judgment erroneously states that appellant entered a guilty plea. The record reflects that appellant pleaded not guilty to the charged offense.

Appellant waived the first two issues and did not preserve these arguments for our review. We sustain appellant's third issue and modify the trial court's July 25, 2017 judgment to state that appellant pleaded "not guilty" to the charged offense.

## I.     Trial Court's Consideration of Evidence Outside of the Record

The trial court assessed SAFP as a condition of appellant's community supervision and stated that appellant admitted to using methamphetamine "according to CPS records." The record does not contain the CPS records referenced by the trial court. Appellant asserts that the trial court "compromised its impartiality and violated due process" by relying on unproven facts that were not in evidence.

The State asserts that appellant's first issue is waived because appellant's counsel did not object to the trial court's alleged consideration of evidence outside

3

of the record.

To preserve a complaint for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. Tex. R. App. P. 33.1(a). A defendant must object to the trial court's consideration of evidence outside of the record to preserve this issue for appellate review. *See Elizondo v. State*, 541 S.W.3d 271, 274-75 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd) (defendant was required to preserve error on his complaint that the trial court considered evidence outside of the record); *Harvey v. State*, 173 S.W.3d 841, 850 (Tex. App.—Texarkana 2005, no pet.) (same); *see also Ratcliff v. State*, No. 14-16-00068-CR, 2017 WL 3045587, at *3 (Tex. App.—Houston [14th Dist.] July 18, 2017, no pet.) (mem. op., not designated for publication) (the trial court referenced evidence from the trial of appellant's co-defendant when assessing appellant's sentence; appellant did not object to the trial court's consideration of this evidence and waived the issue for appeal).

Appellant's counsel did not object to the trial court's alleged consideration of evidence outside of the record when assessing the conditions of appellant's community supervision. Appellant failed to preserve this issue for our review. *See Elizondo*, 541 S.W.3d at 274-75; *Harvey*, 173 S.W.3d at 850; *see also Ratcliff*, 2017 WL 3045587, at *3.

After the trial court assessed SAFP as a condition of appellant's community supervision, appellant responded to the trial court and denied using alcohol or drugs. Appellant asserts that her statement is sufficient to preserve error with respect to her evidentiary challenge. Appellant's counsel did not object to the terms of appellant's community supervision or to the trial court's alleged reference to evidence outside of the record.

A criminal defendant is not entitled to hybrid representation, *i.e.*,

4

representation partly by counsel and partly by self. *Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007) ("a defendant has no right to hybrid representation"); *Ex parte Dupuy*, 498 S.W.3d 220, 228 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (same). A pro se objection made by a defendant represented by counsel may have legal effect if (1) the objection is adopted by counsel; (2) the trial court permits a hybrid representation; or (3) the trial court denies the pro se objection on the merits. *See Robinson*, 240 S.W.3d at 921-22; *see also Fleck v. State*, Nos. 01-09-00983-CR, 01-11-00271-CR, 01-11-00272-CR, 2011 WL 1632168, at *4 (Tex. App.—Houston [1st Dist.] Apr. 28, 2011, pet. ref'd) (mem. op., not designated for publication).

Here, appellant's statement challenging the trial court's assessment of SAFP as a condition of appellant's community supervision was not adopted by appellant's counsel. The record does not show that the trial court permitted a hybrid representation or considered the merits of appellant's assertion. Appellant's statement denying that she used drugs or alcohol does not preserve for appeal her challenge to the trial court's alleged consideration of evidence outside of the record.

Appellant also asserts that the trial court's "duty to refrain from considering matters outside the record is not subject to procedural default." Appellant cites *Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993), and contends that the complained-of error gives rise to a *Marin* category-one or -two claim that is not subject to waiver.

*Marin* delineates three categories of a criminal defendant's rights:

- Category-one rights that are "widely considered so fundamental to the proper functioning of our adjudicatory process . . . that they cannot be forfeited . . . by inaction alone." These are considered "absolute rights."
- Category-two rights that are "not forfeitable" — they cannot be surrendered by mere inaction, but are "waivable" if the waiver is

5

affirmatively, plainly, freely, and intelligently made.

- Category-three rights that are "forfeitable" and must be requested by the litigant. Many rights of a criminal defendant, including some constitutional rights, are in this category and can be forfeited by inaction.

*Id*. at 278-80. "Rule 33.1's preservation requirements do not apply to rights falling within the first two categories." *Grado v. State*, 445 S.W.3d 736, 739 (Tex. Crim. App. 2014).

Appellant does not cite any authority holding that a trial court's consideration of evidence outside of the record violates a category-one or -two *Marin* right. Appellant asserts that this issue is analogous to the category-two right identified in *Proenza v. State*, 541 S.W.3d 786 (Tex. Crim. App. 2017). We reject appellant's contention.

The error in *Proenza* arose from the trial court's *sua sponte* examination of a witness before the jury. *Id*. at 789-90. The Court of Criminal Appeals held that claims of improper judicial comments are not within *Marin*'s category-three forfeitable rights; rather, "the right to be tried in a proceeding devoid of improper judicial commentary is at least a category-two, waiver only right." *Id*. at 801. *Proenza* analyzed article 38.05 of the Texas Code of Criminal Procedure, which states:

> In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case.

Tex. Code Crim. Proc. Ann. art 38.05 (Vernon 1979). The court concluded that article 38.05 creates "a duty to refrain *sua sponte* from certain kind[s] of action" and that compliance with this duty is placed "squarely upon the judge." *Proenza*, 541

6

S.W.3d at 798. "[C]ompliance with Article 38.05 is 'fundamental to the proper functioning of our adjudicatory system,' such that it should 'enjoy special protection' on par with other non-forfeitable rights." *Id*. at 798-99 (quoting *Marin*, 851 S.W.2d at 278).

Appellant asserts that compliance with Texas Code of Criminal Procedure article 37.07 section 3 also gives rise to a non-forfeitable right. Article 37.07 section 3 states, in pertinent part:

> [E]vidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

Tex. Code Crim. Proc. Ann. art. 37.07 § 3 (Vernon Supp. 2018). Unlike the statute analyzed in *Proenza*, section 3 of article 37.07 is not (1) couched in mandatory terms; or (2) directed at the trial judge. *See Proenza*, 541 S.W.3d at 798. We reject appellant's argument that the trial court's alleged violation of article 37.07 gives rise to a non-forfeitable *Marin* right.

Appellant's counsel did not object to the conditions of appellant's community supervision or to the trial court's alleged reference to evidence outside of the record. Appellant failed to preserve this issue for our review. We overrule appellant's first issue.

## II. SAFP as a Condition of Appellant's Community Supervision

Appellant asserts that the trial court erred in assessing SAFP as a condition of

her community supervision because the record does not contain any evidence of appellant's drug or alcohol use. Appellant's counsel did not object in the trial court to the conditions of appellant's community supervision.

"An award of community supervision is not a right, but a contractual privilege, and conditions thereof are terms of the contract entered into between the trial court and the defendant." *Speth v. State*, 6 S.W.3d 530, 534 (Tex. Crim. App. 1999); *see also Norton v. State*, 434 S.W.3d 767, 772 (Tex. App.—Houston [14th Dist.] 2014, no pet.). "A defendant who benefits from the contractual privilege of probation, the granting of which does not involve a systemic right or prohibition, must complain at trial to conditions he finds objectionable." *Speth*, 6 S.W.3d at 535; *see also Norton*, 434 S.W.3d at 772. If a defendant fails to object in the trial court to a condition of his community supervision, he "may not complain for the first time on appeal that the trial court had no authority to impose this condition." *Norton*, 434 S.W.3d at 773; *see also Burris v. State*, No. 06-13-00039-CR, 2014 WL 576209, at *8 (Tex. App.—Texarkana Feb. 12, 2014, pet. ref'd) (mem. op., not designated for publication) (the defendant waived his challenge to the trial court's assessment of SAFP as a condition of his community supervision where he "did not object to the trial court's imposition of the SAFP condition at sentencing"); *McNeal v. State*, No. 05-11-01155-CR, 2012 WL 1976450, at *1 (Tex. App.—Dallas June 4, 2012, no pet.) (mem. op., not designated for publication) (same).

Here, appellant's counsel did not object in the trial court to the court's assessment of SAFP as a condition of appellant's community supervision. Appellant may not raise this issue for the first time on appeal. *See Speth*, 6 S.W.3d at 534-35; *Norton*, 434 S.W.3d at 772-73; *see also Burris*, 2014 WL 576209, at *8; *McNeal*, 2012 WL 1976450, at *1. We overrule appellant's second issue.

## III.     Error in the Trial Court's Judgment

The trial court's July 25, 2017 judgment states that appellant entered a guilty plea. The record is clear that appellant pleaded not guilty to the charged offense. The parties agree that the trial court's judgment should be modified to reflect that appellant pleaded not guilty.

The court has "authority to reform a judgment to make the record speak the truth when the matter has been called to our attention by any source." *Lopez v. State*, 515 S.W.3d 547, 550 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd); *see also Storr v. State*, 126 S.W.3d 647, 654-55 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd) (judgment erroneously stated that defendant pleaded guilty; court reformed judgment to reflect the defendant's not guilty plea).

We sustain appellant's third issue and modify the trial court's July 25, 2017 judgment to state that appellant pleaded "not guilty" to the charged offense.

### CONCLUSION

We overrule appellant's first two issues. We sustain appellant's third issue and modify the trial court's July 25, 2017 judgment to state that appellant pleaded "not guilty" to the charged offense. We affirm the judgment as so modified.


/s/     William J. Boyce
        Justice



Panel consists of Justices Boyce, Donovan, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).