

# NUMBER 13-21-00245-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**STEVEN VELA,**                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                          **Appellee.**

---

### On appeal from the 214th District Court
### of Nueces County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Longoria, Hinojosa, and Silva
### Memorandum Opinion by Justice Hinojosa

A trial court revoked appellant Steven Vela's term of community supervision, adjudicated him guilty of burglary of a habitation with intent to commit family violence assault, and sentenced him to ten years' incarceration in the Texas Department of Criminal Justice. *See* TEX. PENAL CODE ANN. § 30.02(d). By one issue, Vela contends the trial court erred by adjudicating him guilty and sentencing him without giving him the

opportunity to speak in allocution. We affirm.

## I. BACKGROUND

On December 16, 2020, pursuant to a plea agreement, Vela pleaded guilty to burglary of a habitation with intent to commit family violence assault impeding breath and circulation, a first-degree felony. *See id*. In accordance with the agreement, the trial court deferred adjudication, placed Vela on community supervision for two years, and ordered him to have no contact with the complainant Elizabeth Yzaguirre.

The State filed a motion to revoke on April 15, 2021 and amended its motion on June 9, 2021. In its amended motion, the State alleged that Vela violated the terms of his community supervision by: (1) committing the alleged offense of burglary of a habitation with intent to commit a felony on April 14, 2021, *see id*. § 30.02(a); (2) committing the alleged offense of possession of a controlled substance in penalty group 2 less than one gram on April 14, 2021, *see* TEX. HEALTH & SAFETY CODE ANN. § 481.116(b); (3) admitting to the possession of a vape pen with THC; (4) failing to pay costs and fines; (5) failing to attend a felony victim impact panel; (6) failing to complete community service hours; and (7) maintaining continuous contact with Yzaguirre.

At the hearing on the motion to revoke on July 28, 2021, the State withdrew the first two alleged violations in its motion (the alleged offenses of burglary of a habitation and possession of a controlled substance on April 14, 2021) but proceeded with the remaining allegations. Vela pleaded true to the remaining claims.

The State then called Patricia Newman, Vela's probation officer, to testify. Newman stated that the Nueces County Probation Office was recommending revocation

2

of Vela's community supervision because Vela "continues to have contact with the victim. He has not completed any programs. He does not show any interest in participating on probation." She further testified that the probation department "is concerned for the victim's safety and well-being" and that Vela admitted to "having contact with her every single day."

At the conclusion of the evidence, the trial court revoked Vela's community supervision and adjudicated him guilty of the underlying offense. The following colloquy ensued:

[Court]: . . . [T]he Court will do what the Court believes is the right thing to do. So at this time, Mr. Vela, having found the allegations to be true[,] I am revoking your deferred adjudication. I am finding you guilty of the underline [sic] offense of burglary of a habitation with intent to commit another felony and I'm assessing a term of 10 years in the Texas Department of Corrections. You will receive credit for any time you've spent awaiting disposition of your case. This is not [a] plea agreement. We are adjourned.

[Vela]: I'm sorry? You said how many days?

[Court]: I said 10 years at the Texas Department of Corrections.

[Vela]: You're sentencing me to 10 years?

[Court]: That's what I did, yes.

[Counsel]: Mr. Vela—Your Honor, could I advise him that he has— (inaudible).

[Court]: I'm sorry, Mr. Flores, what did you say?

[Counsel]: I know he signed his right of appeal, but I'll advise him he has a right to appeal and that I will do that request.

[Court]: Yes, sir. Thank you.

3

Vela appeals.

## II. Standard of Review and Applicable Law

Allocution refers to the trial court affording a criminal defendant the opportunity to speak in mitigation of the sentence yet to be imposed. *See Norton v. State*, 434 S.W.3d 767, 771 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *see also Casas v. State,* No. 13-21-00213-CR, 2022 WL 551273 (Tex. App.—Corpus Christi–Edinburg Feb. 24, 2022, no pet. h.) (mem. op., not designated for publication). A defendant's right to allocution exists as both a statutory and a common-law right. *Vasquez v. State*, 605 S.W.3d 734, 739 (Tex. App.—Houston [1st Dist.] 2020, no pet.); *see also Ybarra v. State*, No. 13-18-00141-CR, 2019 WL 3819871, at *4 (Tex. App.—Corpus Christi–Edinburg Aug. 15, 2019, pet. ref'd) (mem. op., not designated for publication). As relevant here, Article 42.07 of the Texas Code of Criminal Procedure provides that "[b]efore pronouncing sentence, the defendant shall be asked whether he has anything to say why the sentence should not be pronounced against him." TEX. CODE CRIM. PROC. ANN. art. 42.07.

The defendant must make a "timely request, objection, or motion" to the trial court and obtain an express or implied ruling to preserve error for appeal, regardless of whether his allocution claim sounds in statute or common-law. *See* TEX. R. APP. P. 33.1(a); *Vasquez*, 605 S.W.3d at 739; *see also Ybarra*, 2019 WL 3819871, at *4. A defendant who fails to do so forfeits his complaint on appeal. *See Vasquez*, 605 S.W.3d at 739–40 (concluding appellant's allocution complaint was not preserved where there was no objection to the trial court's denial of his opportunity for allocution); *see also Ybarra*, 2019 WL 3819871, at *4 (same); *Casas*, 2022 WL 551273, at *2 (same).

4

### III. ANALYSIS

During the revocation hearing, neither Vela nor his counsel timely communicated the allocution complaint he now raises on appeal. *See* TEX. R. APP. P. 33.1(a). He did not speak before sentencing, and did not object after the trial court sentenced him. *See id.*; *Vasquez*, 605 S.W.3d at 739–40 (holding that the allocution issue was unpreserved and that even if the appellate court found error, appellant was not harmed because "the right to allocution is not a constitutional right"); *see also Gay v. State*, No. 13-16-00158-CR, 2017 WL 2705446, at *2 (Tex. App.—Corpus Christi–Edinburg June 22, 2017, no pet.) (mem. op., not designated for publication) (concluding appellant waived error where he did not object or request a further opportunity to address the trial court in mitigation of his sentence).

"To avoid forfeiting a complaint on appeal, the party must 'let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it.'" *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) (quoting *Lankston v. State*, 827 S.W.2d 907, 908–09 (Tex. Crim. App. 1992)). Vela did not do that here. And although Vela posits that the common-law right to allocution is a constitutional right that cannot be waived, several appellate courts, including our own, have held otherwise. *See Eisen v. State*, 40 S.W.3d 628, 636 (Tex. App.—Waco 2001, pet. ref'd) ("We hold that the common-law right of allocution did not achieve constitutional status."); *see also Busbee v. State*, No. 13-16-00555-CR, 2017 WL 541133, at *4–5 (Tex. App.—Corpus Christi–Edinburg Feb. 9, 2017) (mem. op., not designated for publication) (same). Accordingly,

we conclude Vela did not preserve this alleged error for our review. *See* TEX. R. APP. P. 33.1(a); *Vasquez*, 605 S.W.3d at 739–40. We overrule his sole issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
24th day of March, 2022.