COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| MARCUS LAKEITH HARRIS, | § | No. 08-21-00070-CR |
|---|---|---|
| Appellant, | § | Appeal from the |
| v. | § | 183rd Judicial District Court |
| THE STATE OF TEXAS, | § | of Harris County, Texas |
| Appellee. | § | (TC# 159318601010) |

## **O P I N I O N**

The State charged Appellant, Marcus Harris, by indictment with aggravated assault on a public servant. A jury convicted Appellant and assessed punishment at 10 years' confinement, suspended for 10 years of community supervision. In three issues, Appellant contends that a term of his community supervision violates his due process, terminated his parental rights, and subjected him to double jeopardy.[1] Because we conclude Appellant did not preserve his issues below, we affirm.

*Factual and Procedural Background*

---

[1] This case was transferred from the Fourteenth Court of Appeals pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX.GOV'T CODE ANN. § 73.001. We follow the precedent of the Fourteenth Court of Appeals to the extent it might conflict with our own. *See* TEX.R.APP.P. 41.3.

Appellant was charged and convicted of aggravated assault and aggravated assault on a public servant after an altercation with his ex-wife. The two causes were tried together, but this appeal is limited to Appellant's aggravated assault on a public servant conviction. For the conviction at issue, the trial court sentenced Appellant to 10 years of community supervision on November 25, 2019. Condition No. 26 of Appellant's community supervision requires him to have no contact with his ex-wife or his minor child, A.H. Appellant signed a copy of his community supervision conditions, which included Condition No. 26, on the same day the trial court pronounced his sentence. Appellant did not object to the conditions during the punishment hearing. Instead, he filed a "motion for new trial on punishment conditions and motion to modify conditions of probation" challenging Condition No. 26 on the grounds of due process and notice, abridgment of his parental rights, and double jeopardy. Appellant's motion appears in the Clerk's Record and docket entry sheet, however, there is nothing in the record indicating that Appellant presented the motion to the trial court.

*Discussion*

Appellant raises three issues for our review. All three issues raise different challenges to Condition No. 26 of his community supervision. In his first issue, Appellant contends that he did not receive notice of Condition No. 26, which he further contends is an abridgement of his fundamental parental rights. In his second issue, Appellant contends that the trial court imposed an unconstitutional sentence by terminating his parental rights with Condition No. 26. In his final issue, Appellant contends that Condition No. 26 subjects him to double jeopardy because it is a second punishment for his conviction of aggravated assault and unrelated to the conviction for aggravated assault on a public servant, the conviction for which community supervision was imposed. The State responds that Appellant's complaints about Condition No. 26 are unpreserved.

To preserve a complaint about a condition of community supervision, the defendant must object at trial. *Speth v. State*, 6 S.W.3d 530, 534 (Tex.Crim.App. 1999). An award of community supervision is a contractual privilege and not a right. *Norton v. State*, 434 S.W.3d 767, 772 (Tex.App.—Houston [14th Dist.] 2014, no pet.). When a defendant enters the contractual relationship without objection, he affirmatively waives any rights upon which the contract might encroach. *Id.*

Appellant does not contend that he objected to the condition at trial. Instead, he contends he did not receive notice of the conditions. A defendant may receive notice of the community supervision conditions by oral pronouncement in court or by signing a written version of the conditions following the punishment hearing. *Speth*, 6 S.W.3d at 534 n.9. The record shows that Appellant signed the written version of his conditions on the day of his punishment hearing. Accordingly, we conclude that Appellant had notice of his conditions, and because he did not object at the trial to the imposition of Condition No. 26, he has not preserved his complaints for appeal.

To the extent that Appellant raised his issues to the trial court in his motion for new trial, we conclude they are likewise unpreserved. Although Appellant challenged his community supervision terms in his motion for new trial, there is nothing in the record indicating the motion was presented to the trial court. *See* TEX.R.APP.P. 21.6. A motion for new trial must be presented to the trial court within ten days of being filed. *Gardner v. State*, 306 S.W.3d 274, 305 (Tex.Crim.App. 2009). Presentment must be apparent from the record and can be shown by "judge's signature or notation on the motion or proposed order, or an entry on the docket sheet showing presentment or setting a hearing date." *Id.* Here, Appellant's motion contains an unsigned proposed order, and the court's docket sheet does not provide evidence of presentment.

Accordingly, we conclude, to the extent Appellant could raise any of his complaints in a motion for new trial, he failed to timely present them.

## **CONCLUSION**

Appellant's issues are overruled, and the judgment of the trial court is affirmed.


SANDEE MARION, Chief Justice (Ret.)

November 4, 2022

Before Rodriguez, C.J. Alley, J and Marion C.J. (Ret.), sitting by assignment

(Do Not Publish)