

# NUMBER 13-23-00164-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CHARLES KEPFORD,                                                                      Appellant,

v.

THE STATE OF TEXAS,                                                                  Appellee.

## On appeal from the 28th District Court of
## Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina
Memorandum Opinion by Chief Justice Contreras**

The trial court revoked appellant Charles Kepford's community supervision and adjudicated him guilty of cruelty to a non-livestock animal, a third-degree felony. *See* TEX. PENAL CODE ANN. § 42.092(b)(1), (c-1). By his sole issue, Kepford argues that the trial court erred by sentencing him without giving him an opportunity to speak in allocution. We affirm.

## I.     BACKGROUND

Pursuant to a plea agreement, Kepford was placed on seven years' deferred-adjudication community supervision on October 27, 2021. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.101. The State filed a motion to revoke community supervision, and the trial court held a hearing on the motion on March 28, 2023. Kepford pleaded true to certain allegations in the State's motion, and the trial court revoked Kepford's community supervision and adjudicated him guilty. After the parties' closing arguments, the trial court rendered its verdict, to which Kepford replied, "Yes, ma'am." The trial court wished Kepford "Good luck," and Kepford said, "Thank you ma'am."

This appeal followed.

## II.     ALLOCUTION

Allocution refers to a criminal defendant's right to speak in mitigation of the sentence yet to be imposed. *Norton v. State*, 434 S.W.3d 767, 771 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *see also Casas v. State*, No. 13-21-00213-CR, 2022 WL 551273, at *2 (Tex. App.—Corpus Christi–Edinburg Feb. 24, 2022, no pet.) (mem. op., not designated for publication). A defendant's right to allocution exists as both a statutory and a common-law right. *Vasquez v. State*, 605 S.W.3d 734, 739 (Tex. App.—Houston [1st Dist.] 2020, no pet.); *see also Vela v. State*, No. 13-21-00245-CR, 2022 WL 868536, at *2 (Tex. App.—Corpus Christi–Edinburg Mar. 24, 2022, no pet.) (mem. op., not designated for publication). The statutory right, codified in Article 42.07 of the Texas Code of Criminal Procedure, states that "[b]efore pronouncing sentence, the defendant shall be

2

asked whether he has anything to say why the sentence should not be pronounced against him." TEX. CODE CRIM. PROC. ANN. art. 42.07.

However, regardless of whether the defendant asserts his statutory or common-law right to allocution, the issue is waived on appeal if the defendant fails to make a "timely request, objection, or motion" to the trial court and obtain an express or implied ruling to preserve error for appeal. *See* TEX. R. APP. P. 33.1(a); *Vasquez*, 605 S.W.3d at 739–40 (concluding appellant's allocution complaint was not preserved where there was no objection to the trial court's denial of his opportunity for allocution); *see also Casas*, 2022 WL 551273, at *2 (same); *Vela*, 2022 WL 868536, at *2 (same). Thus, a defendant who fails to do so forfeits his complaint on appeal. *See Vasquez*, 605 S.W.3d at 739–40.

Kepford did not request to speak before sentencing and did not object after the trial court sentenced him. Kepford did not timely communicate the allocution complaint he now raises on appeal. *See* TEX. R. APP. P. 33.1(a). Accordingly, we conclude Kepford did not preserve this alleged error for review. *See id.*; *Vasquez*, 605 S.W.3d at 739–40; *see also Casas*, 2022 WL 551273, at *2; *Vela*, 2022 WL 868536, at *2.[1] We overrule his sole issue.

---

[1] Kepford argues that the common-law right to allocution is a constitutional right that cannot be waived. However, this court, and several appellate courts, have held otherwise. *See, e.g.*, *Eisen v. State*, 40 S.W.3d 628, 636 (Tex. App.—Waco 2001, pet. ref'd) (holding the common-law right of allocution "did not achieve constitutional status" and defendant waived his during sentencing); *see also Vela v. State*, No. 13-21-00245-CR, 2022 WL 868536, at *2 (Tex. App.—Corpus Christi–Edinburg Mar. 24, 2022, no pet.) (mem. op., not designated for publication) (following *Eisen*'s holding); *Busbee v. State*, No. 13-16-00555-CR, 2017 WL 541133, at *4–5 (Tex. App.—Corpus Christi–Edinburg Feb. 9, 2017, no pet.) (mem. op., not designated for publication) (same).

### III. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
8th day of February, 2024.

4